SAM LAZARUS v. J. F. SWAFFORD, TAX COLLECTOR.

Delivered February 13, 1897.

**Injunction—Jurisdiction of County Court.**

Under the Judiciary Article of the Constitution as amended, the amount involved is to be looked to in determining the jurisdiction in cases of injunction and mandamus; and therefore the County Court has exclusive jurisdiction of an action to enjoin a sale of cattle for taxes amounting to $350.

APPEAL from Collingsworth. Tried below before J. K. DUKE, ESQ., Special Judge.

*W. M. Pardue,* and *C. C. Wells,* for appellant.—The District Court has power to issue writs of injunction in cases in which a court of chancery would, under the rules of equity, have power to issue them; and this without reference to the amount involved. Constitution, sec. 8, art. 5; Anderson Co. v. Kennedy, 58 Texas, 616; Alexander v. Holt, 59 Texas, 205; Day v. Chambers, 62 Texas, 190; Stein v. Freiberg, 64 Texas, 271.

*Johnson & Fires,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This suit, which was brought in the District Court of Collingsworth County to enjoin the tax collector from selling thirty-seven head of appellant's cattle under an alleged illegal assessment of taxes, amounting to $350, was dismissed for want of jurisdiction, and the preliminary injunction consequently dissolved; hence this appeal.

If the precise question thus raised has been authoritatively decided, we are not aware of it. Before the adoption of the amendment to article 5 of the Constitution, which has remodeled that entire article; it was decided that the district courts, under the express power given in the Constitution to issue injunctions, and other writs named, had jurisdiction in cases in which a court of chancery would have taken jurisdiction in order to afford relief by injunction, without reference to the amount in controversy. Anderson Co. v. Kennedy, 58 Texas, 616. This conclusion was stated in the opinion of Justice Stayton to have resulted from "the consideration of the several provisions of the Constitution," of which the bill of rights, declaring in substance that every person, for an injury done him in his property, person or reputation, should have a remedy, was adverted to; and also section 16 of article 5, limiting the power of County Courts to issue writs of injunction, mandamus, etc., to cases where it was necessary to the enforcement of their jurisdiction.

An apparrent omission of the Constitution seems thus to have been in effect supplied by judicial construction, and the very necessity of the case doubtless had its effect in the production of this result; but the amendment of the judiciary article, probably owing to the fact that difficulties were encountered in the case cited, with others of its class, has removed these difficulties, and made plain the purpose of said article in its distribution of jurisdiction among the several courts of Texas. This amendment, according to recent decisions of our Supreme Court, has introduced, with the changes made, a change of construction. Dean v. State, 88 Texas, 290; Johnson v. Hanscomb, 37 S. W. Rep., 601.

In order to avoid any possible m⋯construction of the following explicit language of section 16, article 5, defining the jurisdiction of the county courts: "And they shall have exclusive jurisdiction in all cases when the matter in controvery shall exceed in value $200 and not

exceed $500, exclusive of interest," the amendment thereof entirely removes the restriction which previous decisions had construed as depriving county courts of the power to issue injunction, mandamus, etc., when not necessary to the enforcement of their jurisdiction.

In the case last cited, it was held that the amount in controversy should be looked to in determining whether the county court, since the amendment, has jurisdiction in a mandamus case. It would seem to follow from this holding that the language of the Constitution above quoted, where the amount is between $200 and $500, as in this case, excludes the jurisdiction of any other than the county court in both mandamus and injunction cases. It certainly could not have been the intention of the framers of the amendment to make the jurisdiction of the county and district courts concurrent in such cases. That would be inconsistent with the whole tenor of the judiciary article, and particularly of section 16, which defines so accurately the extent both of the exclusive and concurrent jurisdiction of the county court. And in order to avoid the recurrence of any such difficulties as confronted the court when the Anderson County case was decided, and to put this matter forever at rest, the amendment further provides, in defining the jurisdiction of the district court, that it shall have "general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution."

Our conclusion, therefore, is that, as the amount in controversy is now made the test of the county court's jurisdiction in all cases alike, where that amount exceeds $200 and does not exceed $500 the jurisdiction of the county court is exclusive, notwithstanding the general power conferred in section 8 upon district courts to issue writs of injunction and mandamus. That general provision should be read in the light of the changes before considered, clearly indicating an intention to confer upon county courts, as a part of their jurisdiction, the power to issue injunctions in cases where courts of chancery, under the settled principles of equity, would issue them, but limiting such power to cases in which jurisdiction depends upon the amount in controversy, and making that jurisdiction exclusive or concurrent, according to the amount.

This conclusion is strengthened by the decisions in Erwin v. Blanks, 60 Texas, 583, and Railway v. Rambolt, 67 Texas, 654, holding that the general provisions of section 8 should yield to the more specific ones of section 16. As amended, section 16 confers upon the county courts, as courts both of law and equity, within the prescribed limits, all the power conferred upon the district courts within their sphere of action, and within the amounts above specified expressly excludes the jurisdiction of all other courts.

Judgment affirmed.

*Affirmed.*