GEORGE CALHOUN ET AL. v. T. L. WREN.

Decided October 23, 1901.

**County Court—Exclusive Jurisdiction.**

The jurisdiction of the county court is exclusive when the amount in controversy is less than $500 and more than $200; the district court could not determine a suit to enjoin a commissioners court from paying $250 on a contract with the county attorney alleged to be, in effect, an illegal attempt to provide him with an annual salary.

Appeal from Travis. Tried below before Hon. F. G. Morris.

Wren sued Calhoun and others to enjoin the payment to him of money by the county. Injunction was granted and perpetuated on trial, and the defendants appealed.

*G. W. Allen,* for appellants.

*H. M. Little,* for appellee.

FISHER, CHIEF JUSTICE.—This is a suit instituted by the appellee against the appellants to restrain the collection by the appellant George Calhoun of the sum of $250 from Travis County, Texas, appellee alleging that the said Calhoun was claiming said amount by virtue of a purported contract with the Commissioners Court of said county, and said contract was, in fact, an attempt to provide for the payment of a salary to said Calhoun as county attorney of said county; and the Commissioners Court of said county had no authority to make a contract to pay the said Calhoun a salary as such county attorney. There was a temporary restraining order issued by the court, and on final hearing said restraining order or injunction was perpetuated, restraining and enjoining the collection of said sum; from which final judgment the appellants have brought the case to this court.

The amount in controversy being less than $500 and more than $200, it is insisted that the District Court was wanting in jurisdiction to consider and determine this cause. We think that the appellants are correct in this contention. The provision of the Constitution that confers exclusive jurisdiction upon the county court was thoroughly considered by the Court of Civil Appeals of the Second District in the case of Lazarus v. Stafford, 39 Southwestern Reporter, 389, in an able opinion by Justice Stephens, and the conclusion was reached that the jurisdiction of the county court was exclusive in all actions where the matter in controversy was less than $500 and more than $200. We adopt the reasoning of the court in the case cited, and refer to it as expressing the views of this court upon the subject. Delling v. Waddell, 2 Texas Court Rep., 841.

The judgment of the District Court will be reversed with instructions to dismiss this case from its docket.

*Reversed with instructions to dismiss.*