## J. O. BIGBY ET AL. v. A. L. BRANTLEY.

### Decided January 21, 1905.

**Jurisdiction—Amount—Mandamus—County Court.**

Where the action was one of mandamus to compel school trustees and the county superintendent to approve school warrants in the aggregate amount of $240, the County Court, and not the District Court, had jurisdiction, the amount involved exceeding $200 and being less than $500.

Error from the District Court of Glasscock.    Tried below before Hon. J. L. Shepherd.

*J. D. Cunningham*, for plaintiffs in error.

CONNER, CHIEF JUSTICE.—The defendant in error instituted this suit in the District Court of Glasscock County praying for a peremptory writ of mandamus against the plaintiffs in error, J. O. Bigby, W. E. Chaney and D. M. Lovele, trustees of school No. 3, district No. 1, said county, and against J. W. Holder, county judge and exofficio county superintendent of schools, to, among other things, compel said trustees to issue, and county superintendent to approve, warrants or vouchers for a six months' term of school at the rate of $40 per month, to which, from the evidence, it seems he was properly entitled.    The prayer of the petition was granted and a writ of mandamus awarded by the court below, from which judgment said trustees and county superintendent have prosecuted this writ of error.

It conclusively appears that the amount involved in this case exceeds

$200, and is less than the sum of $500. The County Court of Glasscock County, therefore, and not the District Court, had jurisdiction; from which it necessarily follows that the judgment must be reversed and the cause dismissed for reasons sufficiently stated in the cases of Dean v. State, 88 Texas, 290, 30 S. W. Rep., 1047; Johnson v. Hanscom, 90 Texas, 32, 37 S. W. Rep., 601; Lazarus v. Swofford, 15 Texas Civ. App., 367, 39 S. W. Rep., 389; McRimmon v. Moody, 87 Texas, 260.

Judgment reversed and cause dismissed.

*Reversed and dismissed.*