FIDELITY FUNDING COMPANY OF SAN FRANCISCO ET AL. V. SAM HIRSHFIELD.

Decided January 31, 1906.

**1.—Interlocutory Order—Appeal.**

No appeal lies except from final judgments or from interlocutory orders where such appeal is specially authorized by statute.

**2.—Same—Appointment of Receiver—Motion to Vacate.**

An appeal from an interlocutory order appointing a receiver must be taken within twenty days from the entry of such order (Rev. Stats., art. 1383). It does not lie from an order refusing a motion to vacate the appointment, made more than twenty days after entry of the order.

Appeal from the District Court of Travis County. Tried below before Hon. Geo. Calhoun.

*Jas. H. Robertson,* for appellants.

*Gregory & Batts* and *G. S. Wright,* for appellee.

KEY, Associate Justice.—The original petition in this case was filed by appellee on February 2, 1905, asking, among other things, for the appointment of a receiver; and on the same day Joe Cohen was appointed receiver, and the order making the appointment entered in the minutes of the court. On the following day the defendants were served with notice of the appointment of the receiver, and on the 13th day of February, 1905, they filed an original answer, presenting demurrers and special defenses, and asking that the plaintiff's prayer for a receiver be denied, that the temporary receiver be removed, and that the plaintiff take nothing by his suit.

The first term of the District Court after the filing of the suit, began on the first Monday in April. The case was set for trial on the 10th day of that month. On that day the defendant, Fidelity Funding Company, filed an amended answer similar in character to its original answer, and the plaintiff filed an amended original petition, and the case was set for the 22d day of May. On the latter day the defendant, Fidelity Funding Company, filed its second amended original answer, similar in character to those previously filed, which answer was adopted by the other defendant, who was joined in the appeal.

On the 23d day of May a formal motion to vacate the appointment of the receiver was presented, with the request that it be filed *nunc pro tunc,* as of date the 13th day of February, 1905; the defendant's counsel showing that they had been informed by an attorney who formerly represented the defendants, and who was unable on account of sickness to attend that term of the court, that formal motion to vacate the order appointing the receiver had been filed. This request was refused, and the motion to vacate was filed on the 23d of May, 1905, and submitted, together with a general demurrer and special exceptions to the plaintiff's petition, on the day following. On the 27th day of May, 1905, the court overruled the demurrer and exceptions, and also overruled the motion to vacate the order appointing the receiver, and the defendants have appealed, filing their appeal bond June 13, 1905.

It is practically conceded in appellant's brief that no right of appeal exists from the rulings made upon the demurrer and exceptions; and the assignments of error are addressed to the action of the court in refusing to vacate the order appointing the receiver.

Appellee has submitted a motion to dismiss the appeal upon two grounds, the first of which is that no appeal will lie from an interlocutory order overruling a motion to set aside and vacate an order appointing a receiver; and that an appeal from an order appointing a receiver must be perfected within twenty days from the entry of such order, which, as shown above, was not done in this case.

It is well settled law in this State that no appeal can be prosecuted until after a final judgment has been rendered, unless such appeal is specifically authorized by statute. Article 1383, Revised Statutes, authorizes an appeal from an interlocutory order appointing a receiver

or trustee in any cause, "provided said appeal be taken within twenty days from the entry of said order." This is the only statute to which our attention has been called which authorizes an appeal from any interlocutory order made in receivership cases; and the right of appeal thereby conferred is limited to twenty days from the entry of the order appointing the receiver. This statute does not authorize an appeal from an order overruling a motion to set aside and vacate an order appointing the receiver, but only authorizes an appeal from the order appointing the receiver; and requires that right to be exercised within twenty days after the entry of such order. As appellants must look to this statute for their right to appeal, they can not depart from its terms, and are bound by the limitation which it imposes.

Hence, we hold that the first ground of the motion is well taken, and the appeal must be dismissed.

*Dismissed.*