### CONE v. HUDSON.

(Court of Civil Appeals of Texas. Amarillo. Oct. 7, 1911.)

APPEAL AND ERROR (§ 71*)—APPEALABLE ORDERS—DISCHARGE OF RECEIVER.

Sayles' Ann. Civ. St. 1897, art. 1383, authorizing appeal from an order appointing a receiver, does not authorize appeal from an order setting aside an appointment, if it does not finally dispose of the main case.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 367–385; Dec. Dig. § 71.*]

Appeal from District Court, Lubbock County; L. W. Dalton, Special Judge.

Action by J. W. Cone against Lum Hudson. From an order discharging a receiver, plaintiff appeals, and moves to file the record. Motion overruled.

H. C. Ferguson, for appellant. Percy Spencer, for appellee.

GRAHAM, C. J. This is an appeal attempted from an order made by the district court of Lubbock county, in a case in which a receiver theretofore appointed was discharged and the order appointing him set aside; the suit itself being one for settlement of partnership accounts between appellant and appellee. The case comes before this court on appellant's motion to file the record in this court.

From appellant's motion it clearly appears that he is laboring under the impression that under article 1383, Sayles' Statutes, an appeal will lie from the order sought to be appealed from, as his motion seeks to give some reasonable excuse for a failure to file in this court at an earlier date the record in the cause; the order sought to be appealed from having been pronounced during term time of the district court of Lubbock county on June 8, 1911, placed of record by the clerk in the trial court on June 10, 1911, and the appeal bond, approved and filed on June 10, 1911, while the record, together with the motion now under consideration, reached the clerk of this court on August 10, 1911.

As the motion filed shows the nature of the suit in the trial court and refers us to the record accompanying the motion, and they together clearly show that the order sought to be appealed from was and is an interlocutory order and was not a final disposition of the main cause, we think no right of appeal exists from the order sought to be appealed from, as article 1383, Sayles' Statutes, only authorizes an appeal in such cases from an order appointing a receiver, and does not give a right of appeal from an order setting aside the appointment of a receiver and discharging him where such order is not a final disposition of the main case.

Our construction of article 1383, Sayles' Statutes, above expressed, is sustained by the case of Fidelity Funding Co. of San Francisco et al. v. Hirshfield, 41 Tex. Civ. App. 517, 91 S. W. 246, and is also in principle sustained by the case of Texas O. Lumber Co. v. Applegate, 114 S. W. 1159.

Because this court has no appellate jurisdiction of this cause, as the same comes before it, the motion of appellant to be permitted to file the record in this court is overruled, and it is so ordered.