KEASLER LUMBER CO. et al. v. CLARK.

(Court of Civil Appeals of Texas. Texarkana. Nov. 14, 1912.)

1. APPEAL AND ERROR (§ 78*)—ORDER APPEALABLE.

An order to preserve the property under the control of the court in replevin is interlocutory, and not appealable.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 426, 464–483; Dec. Dig. § 78.*]

2. APPEAL AND ERROR (§ 71*)—APPEALABLE ORDERS—COMPELLING ACCEPTANCE OF REPLEVIN BOND—PROCEEDINGS.

Where defendant in replevin showed that the property in controversy was levied on by a constable who refused to accept a sufficient replevy bond, and prayed that the constable be compelled to accept the bond and deliver the property to defendant, the proceeding resulting in granting the relief demanded could not be treated as one granting a temporary mandatory injunction, within Rev. St. 1911, arts. 4644–4646, allowing appeals from orders granting or dissolving temporary injunctions, but the proceeding must be treated as one for mandamus independent of the replevin action.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 386–401; Dec. Dig. § 71.*]

3. REPLEVIN (§ 48*)—CUSTODY OF PROPERTY—ORDERS.

Where the officer in replevin has accepted the bond tendered by plaintiff, and has delivered the property in controversy to him, the court on the petition of defendant may not require the officer to accept defendant's bond and deliver to him the property.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 179; Dec. Dig. § 48.*]

4. COURTS (§ 122*)—AMOUNT IN CONTROVERSY—PLEADING.

Where the petition for mandamus in the district court to compel an officer to accept a replevy bond and deliver property in controversy to the principal obligor therein did not show the value of the property, the court did not acquire jurisdiction, since to give the court jurisdiction the value of the property must have been less than $200 or more than $500.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 427; Dec. Dig. § 122.*]

Appeal from District Court, Harrison County; H. T. Lyttleton, Judge.

Action by the Keasler Lumber Company against Chesley Clark, who filed a petition to compel T. J. Johnson, a constable, to accept a replevin bond, and deliver the property to defendant. From a judgment granting relief on the petition, plaintiff and the constable appeal. Reversed and dismissed.

Beard & Davidson, Jno. W. Scott, and R. A. Hall, all of Marshall, for appellants. Jones, Bibb & Scott, of Marshall, for appellee.

WILLSON, C. J. The Keasler Lumber Company sued Chesley Clark for the title

and possession of a wagon, several mules, some harness, etc., and on April 12, 1912, procured the issuance of a writ of sequestration, which on the same day was levied on the property by T. J. Johnson, a constable. June 2, 1912, Clark, as found by the court below, presented a good and sufficient replevy bond to the constable, who declined to accept and approve it. June 5, 1912, the lumber company presented a replevy bond to the constable, and he accepted and approved it. June 7, 1912, Clark petitioned the court as follows: "Now comes the defendant Chesley Clark and shows that heretofore, to wit, on or about the 4th day of April, 1912, the personal property described in the plaintiff's original petition in this cause and in the plaintiff's amended petition was levied upon by T. J. Johnson, constable, and the defendant was dispossessed of same, and that on, to wit, on the —— day of May, 1912, the said defendant presented to the said T. J. Johnson, officer aforesaid, a good and sufficient replevy bond conditioned as required by law, with more than two good sureties, to wit, W. H. Killingsworth, Ike Killingsworth, and Lee Killingsworth, and said defendant requested said officer aforesaid to accept the said bond and approve the same, and demanded that the said property levied upon by said officer in said suit be turned over to the said defendant; that the said T. J. Johnson refused to accept and approve the said bond for no other reason than that he claimed that the same came too late. Wherefore the defendant prays that notice be issued at once, and that the said T. J. Johnson be cited to appear before this honorable court, and that he be required to approve the said bond and turn over to the defendant the said property, dating the approval of the said bond as of the date that the same was actually tendered and presented to him." The petition was verified by Clark's affidavit. June 8, 1912, the constable filed a sworn answer denying that Clark had ever presented a replevy bond to him, and averring that on June 5, 1912, the lumber company had presented such a bond to him, and that on the day it was presented he approved it and delivered the property to said lumber company. June 8, 1912, the court, after hearing testimony offered by the parties, decreed as follows: "It is adjudged, decided, and decreed that the said replevy bond bearing date of June 1, 1912, with Chesley Clark as principal and W. H. Killingsworth, Ike Killingsworth and Lee Killingsworth as sureties is hereby approved as of date June 2, 1912, and the said T. J. Johnson aforesaid is required to turn over to the said Chesley Clark the possession of the said property at once." The constable and the lumber company, which also had filed an answer contesting the right of Clark to the relief he asked, prosecute the appeal to this court.

[1] If the order should be treated, as appellee contends it should be, as an ordinary one for the purpose of preserving property under the control of the court during the pendency of the lumber company's suit against Clark, the appeal should be dismissed for want of jurisdiction in this court to hear and determine it; for such a judgment would be interlocutory. Lumber Co. v. Williams, 71 Tex. 444, 9 S. W. 436; Linn v. Arambould, 55 Tex. 611. Except in cases specially provided for by statute, this court has power to review final judgments only. Fidelity Funding Co. v. Hirshfield, 41 Tex. Civ. App. 517, 91 S. W. 246; Baumberger v. Allen, 101 Tex. 352, 107 S. W. 526.

[2, 3] If the order should be treated as the lumber company and constable treat it—not as an ordinary one, but as one granting a temporary mandatory injunction—then by virtue of the statute (articles 4644 to 4646, Revised Statutes of 1911) an appeal could be prosecuted, notwithstanding the judgment was an interlocutory one, and it would be the duty of this court to dispose of it on its merits. In that event, it conclusively appearing from testimony in the record that the constable had accepted and approved the replevy bond tendered to him by the lumber company, and that by virtue of the bond it held possession of the property, we would vacate the order of the court below and dissolve the injunction, on the ground that it required the officer to do something he lawfully could not do; for we think it should not be assumed that the lumber company would return the property to him. Unless it did he could obtain possession thereof only by force. As he did not have a right forcibly to resume possession of the property, he could not without violating the law comply with the order of the court. The officer should not have been placed in a position where if he complied with the order he must violate the law and subject himself to a suit by the lumber company for damages, and where, if he did not comply with it, he would subject himself to· punishment by the court for contempt.

However, we have concluded that the case should not be viewed as one granting a temporary injunction in the suit of the lumber company against Clark, and therefore appealable under the statute referred to, but that it should be viewed as a suit by Clark against the constable for a mandamus, independent of the lumber company's suit. The effect of the order, if complied with, would not be temporary, in the sense that it would give to Clark the possession of the property subject to· a right in the court, should it be made to appear during the pendency of the suit that he should do so, to revoke it and thereby restore the possession of the property to the officer, but it would be permanent, in the sense that it would give

to Clark the possession of the property during the pendency of the suit, without a right in the court during that time to deprive him of it; for certainly, having directed the property to be delivered to Clark on his bond, conditioned as the law directed, and a delivery thereof having been accordingly made, the court could not by merely revoking his order restore the possession of the property to the constable.

[4] Treating the proceedings as an independent suit by Clark for a mandamus, we think the judgment should be reversed and the cause dismissed, because it does not appear from the petition for the writ that the court below had power to hear and determine it. To give that court jurisdiction, the value of the property must have been less than $200 or more than $500 (Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389; Bigby v. Brantley, 38 Tex. Civ. App. 44, 85 S. W. 311; Calhoun v. Wren, 26 Tex. Civ. App. 618, 64 S. W. 786); and whether it was either did not appear from the allegations in the petition (Lillard v. Freestone County, 23 Tex. Civ. App. 363, 57 S. W. 339; Needham v. Austin Electric Ry. Co., 127 S. W. 904; Royal Fraternal Union v. Bedford, 105 S. W. 523).