BULL et al. v. BEARDEN et al.

(Court of Civil Appeals of Texas. Ft. Worth. July 5, 1913. Rehearing Denied Oct. 18, 1913.)

1. COURTS (§ 475*)—JURISDICTION—PRIORITY.

Where plaintiffs were entitled to maintain trespass to try title, the fact that they had resorted to an action of forcible entry and detainer, which was pending in the county court, to recover possession will not deprive them of the remedy of trespass to try title in the district court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1229, 1231–1239, 1247–1259; Dec. Dig. § 475.*]

2. TRESPASS TO TRY TITLE (§ 32*)—SUFFICIENCY.

A petition alleging that plaintiffs own in fee certain lands, known as the cold storage and ice house property in the town of Mingus, described as lot 7 in block 1, and are entitled to possession of the same, but that defendants forcibly entered upon the premises, seized and occupied the same, and continue to hold the same by virtue of a worthless appeal bond given in a forcible entry suit brought in a justice's court, whence defendants appealed from an adverse judgment to the county court, and praying for an injunction restraining defendants from further occupying the premises and for further relief, is sufficient to state a cause of action of trespass to try title under Rev. Civ. St. 1911, art. 7733, declaring that the petition shall state the names of the parties, describe the premises, the interest of plaintiff, and that he was entitled to possession and ousted by defendant.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. § 32.*]

3. INJUNCTION (§ 136*)—ISSUANCE OF INJUNCTION.

Under Rev. Civ. St. 1911, art. 4643, providing that an injunction may be granted in vacation when it appears that pending the litigation one party is doing or threatening to do some act which would tend to render judgment ineffectual, plaintiffs, who were the owners in fee of land, are, where defendants entered on the land as trespassers and withheld possession even after a forcible entry and detainer suit by virtue of a worthless appeal bond, entitled to an injunction to restrain defendants from further interfering with the land; it appearing that pending the determination of plaintiffs' suit to quiet title plaintiffs would lose the mesne profits and rents.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 305, 306; Dec. Dig. § 136.*]

4. COURTS (§ 472*)—STATE COURTS—TEXAS—COUNTY COURTS.

While the power of the county court, within the exclusive sphere of its jurisdiction, to issue injunctions is exclusive, the commencement of an action of forcible entry and detainer in the county court, in which the defendants took an appeal and retained possession by means of a worthless appeal bond, will not preclude the plaintiffs from enjoining the defendants from interfering with the possession of the land, as an incident to a suit to quiet title brought in the district court, for nothing but the right to possession could be adjudicated in the forcible entry and detainer case, while in trespass to try title the right to the land may be determined.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 442, 451, 459, 465, 619, 1199–1202, 1204–1224, 1247–1259; Dec. Dig. § 472.*]

5. FORCIBLE ENTRY AND DETAINER (§ 6*)—NATURE OF REMEDY.

The remedy of forcible entry and detainer is not exclusive but is cumulative of any remedy which landowners may have in the district court.

[Ed. Note.—For other cases, see Forcible Entry and Detainer, Cent. Dig. §§ 29–32; Dec. Dig. § 6.*]

6. ELECTION OF REMEDIES (§ 3*)—NECESSITY OF ELECTION.

The fact that plaintiffs brought a forcible entry and detainer action to recover possession of their land will not deprive them of the right to maintain trespass to try title in the district court; the remedies not being inconsistent.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. §§ 3, 4; Dec. Dig. § 3.*]

Conner, C. J., dissenting.

Appeal from District Court, Palo Pinto County; W. J. Oxford, Judge.

Suit by T. P. Bearden and another against George W. Bull and another. From a judgment granting an interlocutory injunction, defendants appeal. Affirmed.

Earl Conner, of Eastland, for appellants. W. P. Gibbs, of Gordon, for appellees.

SPEER, J. This is an appeal from an interlocutory order upon an ex parte hearing granting an injunction upon the following petition: "Petitioners, T. P. Bearden and W. N. Cox, composing the firm of Bearden & Cox, complaining of S. B. Britton and George W. Bull, represent that both plaintiffs and defendants reside in Palo Pinto county, Tex. That plaintiffs own in fee simple the land and premises hereinafter described and are entitled to the possession of same. That heretofore on the 13th day of May, 1913, the defendants forcibly entered upon said premises, seized and occupied same, and continue to hold, use, and occupy same, over the protest of plaintiffs, who have repeatedly requested defendants to vacate said premises to the end that, on or about the 14th day of May, plaintiffs instituted a forcible entry and detainer proceeding against the defendants in the justice court in precinct No. 3, in Palo Pinto county, Tex., for the possession of the premises complained of, which suit, after due and proper service of citations upon the defendants, who were present at the trial of said cause but made no answer therein, nor offered any evidence and did not set up any defense whatever but sat idly and mutely by and watched the performance of the trial in the guise of (innocent bystanders). In which trial judgment was rendered and entered for plaintiffs, granting them the possession of said premises with writ of restitution and execution, since which time and within the period required by law the defendants presented an appeal bond as required by law for appeal in such cases to the county court of Palo Pinto county, Tex., with J. T. Wilbar, A. V. Ware, J. T. Spratt, George McKinney, W. F. Harris, J. Y. Bankhead, Pete

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Tarameno, Bob Camfield as sureties thereon, which appeal bond has been approved by the court trying said cause, wherefore said cause is now pending appeal in the county court of Palo Pinto county, Tex., which court does not convene until the 27th day of July, 1913, thus leaving defendants in the possession of the premises complained of pending judgment in said county court as aforesaid. That plaintiffs are informed and believe and charge the fact to be that neither of said sureties are solvent and have no property within the jurisdiction of the court out of which any money could be made upon execution. That both of the defendants are insolvent and that said bond is worthless as far as the purposes of said suit are concerned, wherefore plaintiffs are left without a remedy for any damages for the detention of the possession of said premises pending trial and judgment in the county court. That the premises complained of consist of the lots and buildings known as the cold storage and icehouse at Mingus, Tex., and is of the value of $1,000, and the monthly rental value of same is worth $60 per month during the summer season, which is now on, for the purpose of handling ice and cold storage property. That plaintiffs are in the ice and cold storage business and desire to occupy said premises for said purpose. That to wait and bide the trial and judgment of the county court as aforesaid will work an irreparable injury to plaintiffs with only a remedy upon a worthless appeal bond for damages. That the defendants are naked trespassers without any defense at all whatever in support of their possession of the premises complained of; had all opportunity in the justice court as aforesaid and offered none. That the ice season is now on and evidently the purposes of such appeal can only be to hold and use the premises through the present ice season by virtue of this worthless appeal bond, to plaintiff's damage in the sum of rental value of said premises for the time thus occupied in the sum of $600. That plaintiffs are left without an adequate remedy at law for the relief sought. That plaintiffs are desirous that they be permitted to occupy said premises at the earliest possible moment as being in the ice business, with customers and contracts awaiting them for performance, and having arranged said premises for said purposes to meet the demand of the business for the season. That the premises complained of are situate in the town of Mingus, in Palo Pinto county, Tex., and known and described as lot No. 7 in block No. 1, as described in the plat of said town, and known as the cold storage and icehouse at Mingus, Tex. Wherefore, premises considered, plaintiffs pray that the most gracious writ of injunction issue restraining the defendants, S. B. Britton and George W. Bull, and their agents and employés, from the further occupancy of said premises for any purpose whatever, and that they be required to vacate same at once, and

for his damages, for costs, and general relief."

[1] No briefs are filed by either party, and we therefore confine our investigation to those questions raised by the appellants in their assignments of error filed below. The gist of these assignments is that the district court was without jurisdiction to issue the writ since the petition of complainants showed that the county court of Palo Pinto county had acquired jurisdiction of the issues involved and that its jurisdiction was therefore exclusive. But we think an answer to all these assignments is found in our conclusion that the petition states a cause of action for the recovery of the lands described as in an action of trespass to try title. That the facts pleaded would show the complainants entitled to the writ of forcible entry and detainer, or that they had even resorted to that remedy, would not, we think, deprive them of their remedy in the district court. Andrews v. Parker, 48 Tex. 94; Thurber .v. Connors, 57 Tex. 96; McDannell v. Cherry, 64 Tex. 177.

[2] When tested by article 7733, Revised Civil Statutes 1911, appellees' pleading appears to meet all the requirements of the statute as a petition in an action of trespass to try title, especially in the absence of an exception.

[3] The writ of injunction under the allegations made was properly granted as an incident to the relief demanded and as such was properly authorized by article 4643, Revised Statutes 1911.

[4, 5] It is often held (Dean v. State, 88 Tex. 290, 30 S. W. 1047, 31 S. W. 185; Lazarus v. Swofford, 15 Tex. Civ. App. 367, 39 S. W. 389; Foust v. Warren, 72 S. W. 404; T. & P. Ry. Co. v. Butler, 52 Tex. Civ. App. 323, 114 S. W. 671), and of the correctness of this holding we have no doubt, that the power of the county court within the exclusive sphere of its jurisdiction to issue the writ of injunction is exclusive. But this rule in no manner contravenes the holding in this case, since, if we are right in our construction of the petition, the issues in the county court and in the district court were not the same. Under the statute (Revised Statutes 1911, art. 3950) in the forcible entry and detainer case, the only issue which can be determined is the right to actual possession; an inquiry as to the merits of the title being forbidden. While in the action of trespass to try title of course the scope of the issues is very much enlarged and the merits of the title do become an issue. So that, when tested by the rule announced in the authorities cited, the right of the county court to issue the injunction, even though it be conceded to exist in the forcible entry and detainer case, is not exclusive of the power of the district court to issue the writ in a trespass to try title case where the complainant otherwise shows himself entitled to the relief. We apprehend a plaintiff who had made an un-

successful effort through an action of forcible entry and detainer to regain the possession of his land would not upon a plea of res adjudicata be estopped thereafter to recover the title and possession through an action of trespass to try title in the district court. For the same if not a greater reason, then, the mere pendency of the forcible entry and detainer case would in no manner preclude him from having all proper relief in the district court. The remedy of forcible entry and detainer is not exclusive but cumulative of any remedy the appellees may have in the district court. Juneman v. Franklin, 67 Tex. 411, 3 S. W. 562.

[6] For the reasons already stated, the doctrine of election of remedies has no application. To be applicable the remedies must be inconsistent (Southern Ry. Co. v. City, 147 Ala. 653, 41 South. 664) to such an extent that the party cannot choose the one without renouncing the other (State v. Bank of Commerce, 61 Neb. 22, 84 N. W. 406), for if the two remedies, even dealing with a single subject of action, are not inconsistent, both may be employed concurrently, though a satisfaction of one would be a satisfaction of all. Rowell v. Smith, 123 Wis. 510, 102 N. W. 1, 3 Ann. Cas. 773.

There is no error in the judgment, and it is affirmed.

CONNER, C. J. (dissenting). It will be noted that the petition of the plaintiffs set out in the opinion of the majority contains no allegation that the defendants have injured, or in any way threaten to injure, the property for the possession of which the plaintiffs sue; the injury complained of being a threatened loss of its rental value. The damages thus arising are fully protected by the terms of the bond given upon appeal to the county court, which the petition confesses was duly approved by the justice of the peace. See article 3957, Revised Statutes 1911. The insolvency of the sureties on this bond is averred only upon information and belief without supporting affidavits, notwithstanding which, upon the verified petition above, the order appealed from in this case was made mandatory in form. It commands the "defendants, their agents and employés, to immediately vacate lot 7 in block 1, in the town of Mingus, known as the cold storage and icehouse at Mingus, Tex., and to surrender possession of same to plaintiffs, and to not interfere with plaintiffs' possession of said property until further order of this court." Under these circumstances it may be gravely doubted whether the petition shows a right at all to a mandatory injunction; it being the rule that courts of equity are always reluctant to grant a mandatory injunction upon an interlocutory application and before final hearing save where the right is clearly established and the invasion of the right results in serious injury. See 1 High on Injunctions, § 2; and 22 Cyc. 742. But, without stopping to further consider the sufficiency of the petition in this respect, it seems clear to the writer that relief, if any, can only be extended by the county court where the petition shows the case is now duly pending upon appeal.

As the writer construes the petition, the issue of title is not presented save as incidental to the issue of appellees' right to the possession of the real property described in the petition. They allege that the defendants are wholly without title (mere trespassers); there is no prayer that the title be adjudicated; the petition is not indorsed "that the action is brought as well to try title as for damages," as required by Revised Statutes, art. 7734, relating to suits in trespass to try title, nor does the petition set forth any other fact, as the writer thinks, showing that the district court alone has jurisdiction of the matter in controversy. On the contrary, it affirmatively appears that upon the facts alleged the appellees themselves first invoked the jurisdiction of a justice court having full power in an action of forcible entry and detainer, so that as stated the issue of title is only incidentally involved; and in such cases the justice court in the first instance and the county court on appeal has undoubted power to determine a question of title in so far as it may be involved. Porter v. Porter, 2 Willson, Civ. Cas. Ct. App. § 433; Melvin v. Chancy, 8 Tex. Civ. App. 252, 28 S. W. 241; Espey v. Boone, 33 Tex. Civ. App. 83, 75 S. W. 570; Springer v. Collins, 108 S. W. 758; Penney v. Woody, 147 S. W. 872; City of Victoria v. Schott, 9 Tex. Civ. App. 332, 29 S. W. 681. I am not unmindful of the decisions cited by the majority (Thurber v. Connors and Others) holding that the district court is an appropriate tribunal for the trial of the mere right to the possession of land, but it must be conceded that its jurisdiction in this respect is merely concurrent with that of the justice court, or county court on appeal, to try simple possessory rights to land, and I know of no case, and none has been cited, where the power of the district court has been upheld as against that of another court of equal power over the subject-matter where it appears, as here affirmatively shown on the face of appellee's petition, that such other court has first acquired jurisdiction and has not yet disposed of the case. The rule is that, of courts having concurrent jurisdiction over a controversy, the one first acquiring it is entitled to maintain it and to proceed to judgment and execution undisturbed by interference on the part of a court of co-ordinate power. Texas Trunk Ry. Co. v. Lewis, 81 Tex. 1, 16 S. W. 647, 26 Am. St. Rep. 776; Clepper v. State, 4 Tex. 245; Arthur v. Batte, 42 Tex. 160; Stone v. Byars, 32 Tex. Civ. App. 154, 73 S. W. 1086.

The case made by appellees' petition is in substance one in which they instituted a

suit in a justice court to recover possession of a certain lot forcibly entered upon by mere trespassers and prosecuted the suit to judgment in their favor, whereupon the defendants duly appealed to the county court as they had the right to do under the statute. Revised Statutes, art. 3956. There is no complaint that such appeal was not in due form or time, or that the county court did not thereby acquire jurisdiction, or that such court is without power to protect its jurisdiction and afford appellees all relief to which they may show themselves entitled. On the contrary, the gravamen of the entire complaint is that the sureties on the appeal bond, which had been duly approved, are insolvent and appellees hence left without remedy for loss of rents pending the appeal. As before stated, the petition affirmatively shows that such appeal was duly pending in the county court at the time the petition under consideration was presented to the district judge; and, if under the most favorable consideration appellees present a case for an injunction at all, the county court alone had jurisdiction to order its issuance. See Lazarus v. Swofford, 15 Tex. Civ. App. 367, 39 S. W. 389; Foust v. Warren, 72 S. W. 404; T. & P. Ry. Co. v. Butler, 52 Tex. Civ. App. 323, 114 S. W. 671.

I conclude that the order of the district judge appealed from should be set aside and the petition therefor dismissed.