NATIONAL SURETY CO. v. DAVID CASTLE CONST. CO. et al.    (No. 341.)

(Court of Civil Appeals of Texas. El Paso. Oct. 22, 1914. Rehearing Denied Nov. 19, 1914.)

1. APPEAL AND ERROR (§ 131*)—ORDERS APPEALABLE—"FINAL JUDGMENT."

An order in chambers, directing the performance of an act under pain of punishment for contempt, is not appealable, not being a final judgment of the court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 895; Dec. Dig. § 131.*

For other definitions, see Words and Phrases, First and Second Series, Final Decree or Judgment.]

2. APPEAL AND ERROR (§ 71*)—REVIEW—ORDERS REVIEWABLE.

Interlocutory orders in receivership proceedings are not reviewable until the case is finally disposed of.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 386–401; Dec. Dig. § 71.*]

Appeal from District Court, Harris County; Wm. Masterson, Judge.

Receivership proceedings by the National Surety Company against the David Castle Construction Company, in which J. B. Cochran was appointed receiver. From an order in chambers, upon motion of the receiver, which directed E. A. Laughlin to return lumber, he appeals. Appeal dismissed.

Oliver J. Todd and W. G. Reeves, both of Beaumont, for appellant. Moody & Boyles, of Houston, for appellee.

HARPER, C. J. Upon the application of the receiver, J. B. Cochran, a hearing was had by the district judge in the receivership proceedings of National Surety Company v. David Castle Construction Company, and E. A. Laughlin was ordered by the judge in chambers to return any and all lumber and property removed by him from the tract of land upon which a schoolhouse was being erected in the city of Port Arthur, Tex., to the receiver, and to show cause why he should not be punished for contempt. The order entered is:

"* * * The said E. A. Laughlin is hereby commanded to return * * * within ten days from this date all lumber removed by him. * * * It is further ordered that, should the said Laughlin institute an appeal within ten days from this date, he may, in lieu of the return of said property, give a good and sufficient supersedeas bond in the sum of sixteen hundred ($1,600.00) dollars, conditioned, in addition to the statutory conditions of said bond, that should the order be affirmed the said Laughlin and his sureties will pay to the said J. B. Cochran, receiver, the value of said lumber and other property so removed according to the contract and estimate between David S. Castle and the said E. A. Laughlin, together with interest at the rate of 6 per cent. per annum from this date; or should the said appeal be dismissed by the Court of Civil Appeals, or not be decided upon its merits by said court, then said Laughlin shall, within ten days after such dismissal or decision, institute, and prosecute with diligence, an action to determine the title and possession of said property and if it be finally determined to be in said Cochran, receiver, the said Laughlin and his sureties shall pay to the said Cochran the value of said lumber according to the contract and estimate between the said Cochran and Laughlin, together with 6 per cent. interest from this date. It is intended that in the event of such second action this bond shall also be considered as a supersedeas bond in said cause. * * *"

From which E. A. Laughlin appeals.

[1] It is admitted that this order was entered by the judge in chambers, and it is urged by both parties that it is not a final judgment, from which an appeal will lie, and both are correct. In Pittman v. Byars, 100 Tex. 518, 101 S. W. 789, Chief Justice Gaines, in the opinion, says:

"Though a judge of the district court may decide certain matters in vacation, and render judgment therein, yet such judgment, whether interlocutory or final, is not the judgment of the court over which he presides, but is merely his judgment as a judge sitting in vacation. In such case, unless a right of appeal be given by positive law, none exists. 4 Ency. Pl. & Pr. 365. Since our statutes give the right of appeal only from the district and county courts, and since the judgment in this case was a judgment in neither court, we think we acquired no jurisdiction."

[2] Besides, interlocutory orders in receivership proceedings are not reviewable on appeal until the case is finally disposed of. United States & Mexican Trust Co. v. Texas Southern Ry. Co., 46 Tex. Civ. App. 116, 101 S. W. 1048; High on Receivers (4th Ed.) § 26.

Dismissed.

HIGGINS, J. (concurring). J. B. Cochran, receiver of the estate of David S. Castle, filed a petition in the receivership proceedings, praying that E. A. Laughlin be cited to appear and show cause why he should not be directed to return certain lumber and other property which he had taken from the possession of the receiver upon a certain block of land, and to also show cause why he should not be punished for contempt in tampering with property under control of the court. An order to show cause as prayed for was entered, and upon hearing thereof an order was then entered commanding Laughlin within ten days to return to the school building all lumber and other property removed by him from said school building on said block of land. From this order Laughlin has prosecuted this appeal.

It seems to me that the majority is in error in holding that an appeal does not lie from this order. Article 4644, R. S., gives a right of appeal to any party to any civil suit wherein a temporary injunction may be granted, refused, or dissolved. In my judgment, the order entered should be regarded as being a mandatory injunction, and the right to appeal from a temporary injunction of this nature has been expressly declared by the Supreme Court in Ft. Worth Imp. Dist. v. City of Ft. Worth, 158 S. W. 164, 48 L. R. A. (N. S.) 994. Ort v. Bowden, 148 S. W. 1145, was an appeal from an order refusing a temporary mandatory injunction, and in

that case the Galveston court assumed jurisdiction of the appeal and passed upon the case upon its merits. So, also, in Townsite Co. v. McFaddin, 121 S. W. 717. The right of appeal from an order granting a temporary mandatory injunction was also recognized by the Texarkana court in Keasler Lbr. Co. v. Clark, 151 S. W. 345, though it was there held that the order could not be regarded as temporary. But it was there expressly held that an order to preserve property under the control of the court was interlocutory.

In the case at bar the proceedings instituted by the receiver against Laughlin should properly be regarded as a suit to recover possession of the property (Keasler Lbr. Co. v. Clark, supra) and to preserve the property under control of the court. However it may be viewed in this respect, though, is really immaterial. Certainly, by the institution of the proceedings against him by the receiver, he became a party to the original receivership suit and as a party had a right of appeal from any injunctive order of a temporary nature therein entered against him. In Keasler Lbr. Co. v. Clark, supra, the order was held to be permanent in its nature, because, when the property was delivered to Clark in pursuance of the court's order, the court lost further control over it. The reverse is true here, for certainly the court would have control of the property in the hands of its own receiver, and, tested by the rule announced in the case last cited, the order here must be treated as temporary in its nature. But, regardless of the correctness of the test there declared, that the order was temporary in its nature is relieved of any doubt by the Supreme Court in Ft. Worth Imp. Co. v. City of Ft. Worth, supra. Of necessity, the court did not and could not undertake to finally dispose of the issue of title and right of possession of the lumber and other property as between the receiver and Laughlin. In the absence of a final and absolute determination of the issues between the parties, the order would not be regarded as final, but temporary, under the authority last mentioned.

For the reasons indicated, I do not concur in the reasons assigned by the majority in refusing to dispose of this appeal upon its merits, although concurring in their action in so doing. The appellant seems to have an idea that if the order is not final, and not appealable, this court can and should set aside the lower court's order and dismiss the proceedings. He is therefore insisting that the order is one from which an appeal will not lie. In the light of this insistence, I do not feel impelled to dissent from the action taken by the majority, though not concurring in the reasons assigned.