DRISKILL v. BOYD. (No. 5610.)

(Court of Civil Appeals of Texas. Austin. Nov. 10, 1915. Rehearing Denied Jan. 12, 1916.)

1. APPEAL AND ERROR ⬤122 — JUDGMENTS APPEALABLE — DISSOLUTION OF INJUNCTION —STATUTE.

Under Rev. St. 1911, art. 2079, declaring that no appeal will lie from an interlocutory order of the district court appointing a receiver, and article 2080 giving an appeal to Courts of Civil Appeals from orders dissolving temporary injunctions, plaintiff, who had obtained a temporary injunction against defendant to restrain him from disposing of certain funds in his hands alleged to belong to plaintiff, and whose prayer for the appointment of a receiver was denied, with a dissolution of the injunction, had the right to appeal from a judgment dissolving the injunction, notwithstanding the refusal to appoint a receiver.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 60, 866–874; Dec. Dig. ⬤ 122.]

2. PARTNERSHIP ⬤15 — RELATION — TRADE AGREEMENT.

An agreement whereby plaintiff, defendant, and other independent cotton buyers, agreed to

bulk their cotton from time to time, that payments therefor should be made to defendant who was to distribute the funds by paying to each party the cost price paid by each for the cotton put in by him, and divide the profits among the parties, did not constitute a partnership as to plaintiff's funds where there were no losses and the profits had been satisfactorily divided.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 2; Dec. Dig. ☞15.]

For other definitions, see Words and Phrases, First and Second Series, Partnership.]

3. TRUSTS ☞101 — CONSTRUCTIVE TRUST—MONEY RECEIVED BY AGENT.

Where defendant under such agreement made a sale of cotton put in by plaintiff at a profit and received the proceeds of the sale and paid over to plaintiff only a part of the amount which the cotton had cost plaintiff, the proceeds were received by defendant as the agent of the plaintiff, and were the property of the plaintiff in defendant's hands in trust for plaintiff.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 152; Dec. Dig. ☞101.]

4. TRUSTS ☞372 — ESTABLISHMENT—MONEY HELD BY AGENT—EVIDENCE.

In plaintiff's suit upon such agreement the court's refusal to hear testimony offered by plaintiff, material as tending to establish his allegations that under the agreement the defendant had received the proceeds of cotton put in by plaintiff and had not paid over the cost price to plaintiff, was erroneous.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. §§ 600–603; Dec. Dig. ☞372.]

5. INJUNCTION ☞163 — GROUNDS — PROTECTION OF TRUST FUND.

Where defendant, under the terms of an agreement between plaintiff, himself, and other independent cotton buyers, received cotton put in by plaintiff and the proceeds therefor and did not pay over the cost price to plaintiff as required by the agreement, but held it as agent for plaintiff in trust, a temporary injunction restraining defendant from disposing of the fund was erroneously dissolved under the rule that where a trust fund is in litigation, an injunction may be granted to preserve it for the party to whom it may belong upon the final decree.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 357–371; Dec. Dig. ☞163.]

6. RECEIVERS ☞19—GROUNDS—TRUST FUND.

In such case where it appeared that the defendant was insolvent, so that plaintiff's judgment against him could not be collected on execution, the court should have appointed a receiver.

[Ed. Note.—For other cases, see Receivers, Cent. Dig. § 27; Dec. Dig. ☞19.]

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Action by W. P. Driskill against J. H. Boyd. From an order dissolving a temporary injunction and refusing to appoint a receiver, plaintiff appeals. Reversed and remanded.

J. D. Williamson, of Waco, for appellant. Marshall Surratt and Neff & Taylor, all of Waco, for appellee.

JENKINS, J. [1] Appellee insists that this appeal should be dismissed, for the reason that it is an attempt to appeal from an interlocutory judgment refusing to appoint a receiver. It is true that no appeal lies from such a judgment. R. S. art. 2079; Cone v. Hudson, 139 S. W. 1167. It is also true

that appellant prayed for the appointment of a receiver, and that such prayer was denied by the court. But, in addition to the prayer for the appointment of a receiver, the appellant had theretofore obtained a temporary injunction against appellee, restraining him from disposing of certain funds in his hands, alleged to belong to appellant, and the court upon motion of appellee, not only refused to appoint a receiver, but also dissolved said injunction. Appellant had the right to appeal from the judgment of the court dissolving the injunction (R. S. art. 2080), and it is immaterial that the judgment also shows that the court refused to appoint a receiver.

[2-4] Appellant's petition alleges, in substance, that he and appellee and two others, each of whom was an independent cotton buyer in Waco, Tex., buying cotton for himself with his own money or credit, with the view of obtaining a better price for their cotton by selling in large lots, entered into an agreement to bulk their cotton from time to time; that payments therefor should be made to appellee, who was to distribute the funds thus received by paying to each of said parties the cost price paid by each for the cotton put in by him, the profits to be divided among said parties. That in pursuance of such agreement there were two sales made, into which appellant put 345 bales of cotton, which cost him $20,953.60 of his own money, and that the amount received for said 345 bales was in excess of $20,953.60. That appellee received the full amount for which said cotton was sold and paid over to appellant only the sum of $15,384.60, leaving a balance in his hands of $5,569, which he had failed and refused to pay over to appellant, and that he still had the same on hand, or at least a large portion thereof, $2,500 of which was then in the hands of M. C. H. Park who was holding the same for appellee. Park's relation to this money is shown by allegations in appellant's petition to the effect that appellant filed an involuntary petition in bankruptcy against appellee, and for the purpose of impounding said funds, secured the appointment of Park as receiver, to whom appellee turned over $2,500 of said funds, and that subsequently said petition for bankruptcy was dismissed for the reason there were not three creditors who joined in said petition, and that the federal court ordered said receiver to return said funds to appellee; that said funds being in the custody of the federal court, could not be reached by attachment of a garnishment. Appellant further alleged that appellee was insolvent, and that unless restrained from doing so, he would convert said funds to his own use, and put them beyond the reach of appellant.

Upon the hearing of the motion to appoint a receiver and also the motion to dissolve the injunction, the judge of the district court, upon his own initiative, called to the stand and examined the appellant, the appellee and the

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appellant's witness Neal, and refused to receive or hear further evidence, as appears by appellant's bill of exceptions, and upon this action of the court is based appellant's first assignment of error.

The testimony heard by the court established the fact of the contract and sale of the cotton, substantially as alleged by appellant. The appellant testified that the amount alleged due him from the sale of the cotton was as alleged by him. Appellee testified that he had a final settlement with appellant, in which he had paid appellant the full amount due him. Neal testified that appellee admitted, at a date subsequent to such alleged settlement, that he had in his possession some $2,700 or $2,800 belonging to appellant. Appellant, as shown by said bill of exceptions, offered to prove by another witness "the agreement relative to the handling and disposition of the cotton; payment for the same, and that defendant Boyd had collected for such cotton and had not paid over to Driskill the original cost moneys paid to him therefor." As above stated, the court refused to hear said testimony.

It was and is the contention of appellee that the transaction as pleaded and proven did not constitute a partnership, and that if appellee is indebted to appellant in any amount, the same is an open account, for which reason the court was not authorized to appoint a receiver nor to issue an injunction against appellee. It was and is the contention of appellant that the proceeds of the sale of the cotton in the hands of appellee is a trust fund, and that, pending the suit to establish the allegations of his petition, he is entitled to both an injunction and the appointment of a receiver. The court evidently took appellee's view of the matter. The testimony elicited by the court, aside from the question of insolvency of appellee, went mainly to the question of partnership. Appellant admitted in open court that he did not think the transaction constituted a copartnership, and thereupon the court refused to hear further testimony.

We agree with the court and the parties hereto that the transactions of the parties did not constitute a partnership as to the funds involved in this suit. (There were no losses and the profits appear to have been divided satisfactorily to all parties.) But we do not think that for that reason alone the court should either have refused to appoint a receiver, or have dissolved the injunction. Our view of this case is that the pleadings show that appellee received the proceeds of the cotton as the agent of appellant, that such proceeds in his hands are the property of appellant, held in trust by appellee for appellant, and that the court erred in refusing to hear the testimony offered, which certainly was material as tending to establish such allegations. Lynn v. Bank, 40 S. W. 228; Cotton v. Rand, 92 S. W. 266.

[5] Appellant's second assignment of error, omitting that part which refers to the refusal of the court to appoint a receiver, is, in substance, that the court erred in dissolving the temporary injunction for the reason that it appeared that appellee received the money of appellant as agent, and refused to pay over the same. Had the court heard the testimony as to whether or not the appellee had fully settled with appellant, and found from such testimony in favor of appellee, we would feel ourselves bound by such finding. But it is apparent from the record that the court did not do this, but held, as a matter of law, that appellant was not entitled to have a receiver appointed because no copartnership was shown, and for that reason he was also not entitled to an injunction.

"Where the matter in litigation is a trust fund, an injunction may be granted to preserve the fund and secure it for the party to whom it may belong upon the final decree." 22 Cyc. 823.

Why? Because the property does not belong to the party in whose possession it is. This we conceive to be the principle upon which injunction is granted in many cases—the basic reason for same. For example, it is well settled that, in a proper case, injunction will be granted in partnership matters to prevent the diversion by one of the partners of the partnership funds; in divorce suits, to prevent a husband from disposing of community property, and against executors and guardians, to prevent an improper distribution of an estate. While a partnership for certain purposes is not a legal entity, it is such to the extent that its property, for certain purposes, does not belong to the partner who may be in possession, but to the partnership. While the legal title to community property may be in the husband, the equitable title is in the community estate. The equitable title to an estate is not in the executor or the guardian, but in the devisees or the heirs. And likewise, the equitable title to property held in trust is not in the trustee, but in the cestui que trust. It is not in fact the property of the trustee, and for this reason he may be enjoined from disposing of it. It is also well settled that, where an agent invests the money of his principal in property, taking the title in his own name, the principal may recover such property. Why? Because he is the real owner thereof. But it is apparent that he is no more the owner of property purchased with his money, where title is taken in the name of his agent, than he was of his money in the hands of such agent before such investment was made.

[6] Before closing this opinion we deem it proper to say that the evidence of appellee heard by the court showed that he is insolvent. That is to say, if appellant should recover judgment against appellee either for the amount claimed, or for the amount which Neal testified that appellee admitted that he had failed to pay over to appellant, such

judgment could not be collected by execution. The appellee testified that the only property that he owned was his homestead, consisting of about 77 acres of land, worth between $8,000 and $9,000, upon which he owed $2,500, and some horses and cattle above his exemptions, worth $500 or $600, and that his indebtedness, in addition to that on his homestead, and that claimed by appellant in this suit, was $200 or $300; that there was owing to him about $1,000.

We think that the court should have heard the testimony offered, and, if satisfied of the probable truth of appellant's allegations, he should have appointed a receiver. We cannot reverse this case on account of the refusal of the court to appoint a receiver, as no appeal can be taken from the judgment in that respect. We do, however, reverse and remand this case on account of the error committed by the judge in refusing to hear the proffered testimony, and in dissolving the temporary injunction.

Reversed and remanded.