### HARRISON v. WHITELY, County Clerk, et al. (No. 309.)*

Court of Civil Appeals of Texas. Eastland.
May 6, 1927.

Appellant's Motion for Rehearing Denied Oct. 7, 1927.

1. Courts ⬅480(1)—District court cannot by mandamus, injunction, and prohibition prevent new trial and enforce county court judgment within that court's exclusive jurisdiction (Const. art. 5, § 16).

District court has no jurisdiction to issue writs of mandamus, injunction, and prohibition to compel issuance of execution, prevent further trial, and set aside order granting new trial after county court judgment, if suit be to enforce collection of judgment within that court's exclusive original jurisdiction, under Const. art. 5, § 16, rather than merely to require performance of ministerial duty by county clerk.

2. Mandamus ⬅55—District court may issue writ of mandamus, requiring county clerk to issue execution on county court judgment.

District court has authority to issue writ of mandamus, requiring county clerk to perform purely ministerial duty to issue execution on county court judgment, validity of which is not sought to be determined.

3. Courts ⬅120—Suit for mandamus, injunction, and prohibition to compel issuance of execution, and prevent further trial after county court judgment for $234, held without district court's jurisdiction (Const. art. 5, § 16).

Suit for writ of mandamus to compel county clerk to issue execution on county court judgment for $234, injunction restraining further prosecution and trial of cause, and restraining order and writs of mandamus and prohibition against county judge to prevent further trial and require setting aside of order granting new trial, held without district court's jurisdiction as suit to enforce judgment exclusively within county court's jurisdiction, under Const. art. 5, § 16, even if county judge was not a party because named as defendant only in prayer.

Appeal from District Court, Dallas County.

Suit by Edward T. Harrison against D. C. Whitely, Clerk of the County Court at Law No. 1 of Dallas County, J. C. Crane, Sr., and another, for writs of mandamus, injunction, and prohibition. From a judgment sustaining defendant Crane's general demurrer to the petition, petitioner appeals. Appeal dismissed.

---

J. L. Goggans, R. W. Gray and B. O. Baker, all of Dallas, for appellant.

Wilson & Biggers, of Dallas, for appellees.

PANNILL, C. J. At a former day of the last term the judgment of the trial court sustaining a demurrer to the petition of appellant, plaintiff in the court below, was reversed and the cause remanded. Appellee filed a motion for rehearing, in which for the first time the point was made that the district court was without jurisdiction to entertain the petition for a writ of mandamus because the amount in controversy was between the sums of $200 and $500, and the suit was exclusively within the jurisdiction of the county court. This contention was sustained. Appellant has filed a forceful motion, and the proceeding is again up for review. Appellant, Harrison, together with J. C. Crane, Jr., were defendants in a suit brought by the Guaranty Securities Company in the county court. Harrison impleaded J. C. Crane Sr., and sought a judgment over and against him. The citation to Crane, Sr., was served on the first day of the term to which the process was returnable and the suit continued to perfect service. There was a trial at the succeeding term and judgment in favor of plaintiff against the two original defendants and in favor of appellant, Harrison, over and against J. C. Crane, Jr., and J. C. Crane, Sr. An answer was filed by J. C. Crane, Sr., after the judgment was rendered and at the same term. Some 13 months later said Crane, Sr., filed a motion to set aside said judgment for want of service. This motion was sustained. No appeal was taken from the court's action in so doing. The original judgment was for the sum of $234. A written demand was made on the clerk for an execution which was refused because the judgment had been set aside. Appellant then brought this suit for mandamus in the Ninety-Fifth district court in which the county clerk and J. C. Crane, Sr., were defendants. The facts as briefly summarized above were pleaded in great detail. A mandamus was prayed for against the county clerk for the issuance of an execution, for an injunction as against J. C. Crane, Sr., restraining the further prosecution and trial of the cause. A restraining order was sought against the judge of the county court and a mandamus prayed for against him to prevent him from further trying the case and requiring him to set aside the order granting a new trial. A writ of prohibition was also prayed for requiring the judge of the county court and appellee Crane to proceed no further in said cause in the county court except to set aside the order granting Crane, Sr., a new trial. An answer was filed by Whitely separately, suggesting that the judgment had been set aside, leaving the county clerk without authority, but professing a willingness to obey the orders of the court, and an answer was also filed by all the defendants.

[1, 2] The conclusion has been reached that the question of jurisdiction depends upon whether appellant's suit was in effect one to enforce the collection of a judgment rendered in the county court of which that court had exclusive original jurisdiction, or whether it was merely a suit to require the performance by the county clerk of a ministerial duty. If the former, under the authorities, the district court would have no jurisdiction, but if the latter and unmixed with any attempt to have the validity of his judgment determined, the district court would evidently have authority to require the performance by the county clerk of a purely ministerial duty. Section 16, art. 5, of the Constitution, confers on county courts the exclusive original jurisdiction of all suits where the amount in controversy exceeds $200 and does not exceed $500, and confers upon county courts the power to issue writs of mandamus, injunction, and all writs necessary to enforce the jurisdiction of said court. This provision of the Constitution has been construed to confer upon the county court exclusive jurisdiction as to the issuance of such writs where the amount in controversy is within the county court's exclusive jurisdiction. Bigby v. Brantley, 38 Tex. Civ. App. 44, 85 S. W. 311; Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389; Dean v. State, 88 Tex. 290, 30 S. W. 1047, 31 S. W. 185; Johnson v. Hanscom, 90 Tex. 321, 37 S. W. 601, 38 S. W. 761; Jones v. Dodd (Tex. Civ. App.) 192 S. W. 1134, and authorities cited on motion for rehearing.

It likewise seems to have been held that where the suit was merely one requiring the performance of a purely ministerial duty, where the amount of the claim was not involved nor sought to be adjudicated, the district court has jurisdiction of such a suit, although the amount of the claim is within the exclusive jurisdiction of the county court. Anderson v. Ashe, 99 Tex. 447, 90 S. W. 872; Denman v. Coffee, 42 Tex. Civ. App. 78, 91 S. W. 800.

[3] If the county judge is regarded as a party to the above suit, there would be little room for argument contrary to the proposition that appellant's suit was clearly one to enforce collection of the judgment in question. But, even if the most favorable view toward appellant's petition be taken, and if the county judge is not a party because not named as one of the parties defendant, except in the prayer, the joinder of J. C. Crane, Sr., and the prayer for several writs of injunction and prohibition against him apparently makes the suit one for the enforcement of a judgment exclusively within the jurisdiction of the county court, and of such a suit the district court would have no jurisdiction, even though as a part of the relief

prayed for a mandamus was sought to require the county clerk to perform a ministerial duty. Jones v. Dodd, supra.

It will be observed that, as a predicate for the issuance of mandamus, appellant sought to have an adjudication of appellant's claim, that the order of the county court setting aside appellant's judgment against Crane was void and of no effect, and that the judgment, therefore, in his favor was a valid judgment, for the enforcement of which he was entitled to an execution. This is a different proposition from a situation where it is asserted in the district court that a judgment rendered against a defendant in the county court is absolutely void. Here the proposition is that an order setting aside a judgment is to be declared void in order to have an original judgment held valid. This insistence clearly brings in question the validity of appellant's judgment. The conclusion heretofore expressed, that the district court was without jurisdiction of this proceeding brought by appellant, is adhered to, and the order heretofore entered dismissing this appeal is believed to be correct, and appellant's motion for rehearing is overruled.