## C. F. Collins v. David Ballow et al.

### No. 6008.

1. **Trespass to Try Title—After-acquired Title.**—The plaintiff in trespass to try title must recover upon the title owned by him at the institution of his suit. An after-acquired title, if relied upon, should be alleged by amended petition. In absence of such amendment it was not error to exclude evidence offered by plaintiff of a title acquired pending the suit.

2. **Defense against Legal Title.**—To defend against a legal title in plaintiff under a parol executed contract for the acquisition of the land by the defendant made with an agent of the holder of the legal title, it devolves upon the defendant to show that the agent making the contract had the power to make it, the terms of the contract, and compliance with it.

3. **Statute Construed—Revised Statutes, Article 1370—New Trials.**—Article 1370, Revised Statutes, provides: "Not more than two new trials shall be granted to either party in the same case except where the jury have been guilty of some misconduct or have erred in matter of law." This is understood to mean that where the court has committed no error and the jury have followed the law so given and have not been guilty of any misconduct, no more than two new trials can be granted to either party; but so long as the trial court commits errors in its rulings upon the trial, or in giving the law to the jury, or the jury disregards the law when correctly given and the trial court on proper motion refuses to grant a new trial, the injured party on appeal will be protected against any errors prejudicial to his rights by having the judgment reversed and obtaining a new trial.

Appeal from Wichita. Tried below before Hon. B. F. Williams. The opinion states the case.

*Wm. W. Flood* and *R. Huff,* for appellant, cited Lee v. Salinas, 15 Texas, 495; Pitts v. Booth, 15 Texas, 453; Martin v. Parker, 26 Texas, 254; Keyes v. I. & G. N. R. R. Co., 50 Texas, 170; Ballard v. Perry, 28 Texas, 347; Ottenhouse v. Burleson, 11 Texas, 87; Garner v. Stubblefield, 5 Texas, 552; Ann Berta Lodge v. Leverton, 42 Texas, 18; Murphy v. Stell, 43 Texas, 124; Montgomery v. Carlton, 56 Texas, 362; Eason v. Eason, 61 Texas, 225; Austin v. Talk, 20 Texas, 165; Andrews v. Smithwick, 20 Texas, 111; H. & T. C. R. R. Co. v. Rider, 62 Texas,

267; Smith v. Sublett, 28 Texas, 163; Teal v. Terrell, 58 Texas, 257; Williams v. Davidson, 43 Texas, 2; Dugan v. Colville, 8 Texas, 126.

*L. T. Miller* and *R. Cobb*, for appellees.—In an action of trespass to try title, as in ejectment, the action is to be tried on the case as it existed at the time of the demise laid in the declaration or petition, except, first, where the plaintiff's title is inchoate or imperfect and matures during the progress of the suit, or, second, where the defendant sets up an outstanding title, plaintiff may show that he has acquired that title by subsequent conveyance. McLaury v. Miller, 64 Texas, 381; Bradford v. Hamilton, 7 Texas, 57, 58; Menifee v. Hamilton, 32 Texas, 495; Teal v. Terrell, 48 Texas, 491. Counsel also discussed the case 42 Texas, 18, Ann Berta Lodge v. Leverton, citing in connection with it 21 Texas, 434, Neatherly v. Ripley, and 28 Texas, 247-262, Cox v. Bray.

ACKER, PRESIDING JUDGE. — Appellant brought this suit against David Ballow in trespass to try title to lot 13, in block 162, in the town of Wichita Falls. In 1883 there was a trial which resulted in verdict and judgment for appellee D. Ballow, from which Collins appealed, and that judgment was reversed and the cause remanded at the Austin Term, 1885. At the April Term, 1886, appellant filed an amended petition making appellee W. H. Ballow a party, alleging that he was claiming some interest in the lot. The trial, resulting in the verdict and judgment from which this appeal is prosecuted, was upon the amended petition and the plea of not guilty.

Execution issued from the Supreme Court against David Ballow on the 15th of June, 1885, for costs of the former appeal, which was levied on the lot in controversy, under which it was sold by the sheriff on the 4th day of August, 1885, to R. E. Huff, and deed executed therefor on the same day. On the 5th day of October, 1885, Huff conveyed the lot to appellant.

It is admitted by appellees that appellant proved a prima facie legal title independent of the title acquired through the sheriff sale. Appellees claimed the lot under a parol contract alleged to have been made in 1880 by F. M. Davis through M. W. Seely with H. M. Trueheart, who was the general agent and attorney in fact for the parties who owned the lot at that time. Appellees claimed that Seely was the local agent at Wichita Falls of Trueheart, the attorney in fact, and authorized to make contracts for him. It was claimed by appellees that the contract between Seely and Davis was to the effect that Davis should have the lot as a donation upon condition that he would erect a workshop thereon and pursue his trade therein for a term of three years, and that the conditions had been performed by Davis and appellees, his transferees. It was claimed by appellant that Seely had no authority to make any con-

tract for either the owners or Trueheart, their attorney in fact; that Trueheart proposed to donate the lot upon condition that Davis would erect the shop on the lot and carry on his trade therein for a term of five years, and that he had wholly failed to comply with the condition. On the trial appellant offered in evidence the judgment and execution against David Ballow, the sheriff's levy, sale, and deed thereunder to Huff, and Huff's deed to him, all of which were excluded on objection by appellees upon the ground that they were of dates subsequent to the institution of the suit. This ruling is assigned as error.

In trespass to try title, as in the common law action of ejectment, the plaintiff must rely for recovery upon the title he had at the institution of the suit. If he had no title then, he must fail in his suit, though he may have acquired after suit brought and before trial a perfect title. Bradford v. Hamilton, 7 Texas, 58; Teal v. Terrell, 48 Texas, 509.

If appellant held the superior title at the institution of the suit, upon which he was entitled to recover, the exclusion of the evidence of his after-acquired title was immaterial. If he relied upon the after-acquired title, to make it available he should have set it up by amended petition, which would have been in effect bringing a new suit and would have subjected him to the payment of all costs that had accrued.

We do not think the court erred in excluding the evidence of the after-acquired title. To entitle appellees to recover as against appellant's prima facie legal title it devolved upon them to prove that the party with whom the parol contract was made had authority to bind the owners by such contract; also to clearly prove the terms of the contract and their compliance therewith.

Both Trueheart and Seely testified that Seely had no authority to make any contract by which either the owners or Trueheart would be bound, but was authorized to negotiate contracts subject to Trueheart's approval, and we find nothing in the statement of facts tending to contradict their testimony.

It appears from the evidence that early in the year 1880 Davis and one Wattenberg had a conversation with Seely in regard to acquiring the lot in controversy for Davis, and the adjoining lot for Wattenberg, as donations.

Wattenberg testified that Seely said he would try and secure the lots for them upon condition that they would each build a shop on their respective lots and carry on their trades for a term of three years. Soon after this Wattenberg procured lumber, and Davis assisted him in erecting a shop across the line between the two lots, most of the shop being upon the Wattenberg lot. Both of them pursued their respective trades of blacksmith and wood workman in the shop for a short while, when the shop was blown down and rebuilt by Wattenberg alone, who continued to carry on his trade therein for several years, after which he rented it to

another mechanic.   The deed to Wattenberg for his lot recited the consideration to be the construction of the shop and the pursuit of his trade therein for five years.   Both Wattenberg and Davis testified that the shop belonged to Wattenberg.   Davis did not erect a shop on the lot in controversy.   After working in the shop with Wattenberg for a time, sometime in the year 1880 Davis abandoned his trade and engaged in other business.   Sometime after this Davis sold his residence, situated upon another lot, and transferred his claim to this lot to appellee David Ballow.

Davis testified that he abandoned the lot when he learned that he could not acquire it without building a shop thereon and carrying on his trade therein for five years.   Trueheart testified that he never consented to donate the lot except upon the terms and conditions recited in the deed to Wattenberg.   It clearly appears that the contract with Davis was the same as the contract with Wattenberg.   We think the evidence wholly insufficient to sustain the verdict and judgment, and that the court should have granted the motion for new trial.

We deem it unnecessary to consider other questions presented by appellant, as none of them are of importance in view of the conclusion we have reached.   Article 1370 of the Revised Statutes provides that "not more than two new trials shall be granted to either party in the same cause, except when the jury has been guilty of some misconduct or have erred in matter of law."

Appellees have brought up a separate transcript, from which it appears that three verdicts have been returned and judgments entered in their favor, two of which have been set aside and new trials granted by the court below on motions of appellant.   It also appears that appellant did not allege in either of his motions upon which new trials were granted that the jury had been guilty of misconduct or had erred in matter of law.   Appellees insist that under this state of the case the statute above quoted applies, and that the verdict and judgment are conclusive of appellant's rights.

We do not so construe the statute.   We understand it to mean that where the court has committed no errors, either in rulings upon the trial or in giving the law of the case to the jury, and the jury have followed the law so given and have not been guilty of any misconduct, no more than two new trials can be granted to either party.   But so long as the trial court commits errors in its rulings upon the trial or in giving the law to the jury, or the jury disregards the law when correctly given, and the trial court on proper motion refuses to grant a new trial, the injured party has the right to appeal to this court for redress, and if it appears that errors have been committed by the court or the jury prejudicial to the rights of the appellant a new trial will be granted, notwithstanding two new trials have been granted to the complaining party in the court below.

We are of opinion that the judgment of the court below should be reversed and the cause remanded.

*Reversed and remanded.*

Adopted December 18, 1888.