## MRS. LEO WILEY ET AL. V. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

### No. 2044. Decided April 20, 1910.

**1.—New Trial—Insufficiency of Evidence—Third Recovery.**

Where two previous recoveries by plaintiff have been set aside because against the evidence, a new trial can not be granted upon a third recovery, nor can its refusal by the judge on the ground that it is forbidden by the statute (Rev. Stats. art. 1372) be held error on appeal unless, there being no evidence to support the verdict, the error can be deemed one in matter of law. (P. 339).

**2.—Same—Negligence—Switchman—Dangerous Track.**

Evidence to show that defects in surfacing of track causing his foot to be caught contributed to the death of a switchman falling from, and being run over by, a moving car, considered and held, though improbable, not to present such a case of entire absence of proof of negligence as to make error in awarding a recovery one of law on which the trial court would have power to grant a new trial for the third time. (Pp. 337–339).

Error to the Court of Civil Appeals for the Fourth District in an appeal from El Paso County.

Wiley and others sued the railway company and recovered judgment. It was reversed and rendered in defendant's favor on his appeal, and plaintiff, appellee, then obtained writ of error.

*Patterson & Wallace* and *Denman, Franklin & McGown,* for plaintiffs in error.—The trial court was without power to grant a third new trial herein to the defendant in error. The correctness of the judgment of the Court of Civil Appeals, therefore, must rest solely on the proposition that there is no evidence in this case, as matter of law, to support the verdict of the jury. Choate v. San Antonio & A. P. Ry. Co., 91 Texas, 40; Rev. Stats. art. 1372; Lane v. Atlantic Works, 111 Mass., 136; Hill v. Windsor, 118 Mass., 258; Milwaukee, etc., Ry. Co. v. Kellogg, 94 U. S., 469.

*J. H. Terry* and *A. H. Culwell,* for defendant in error.—Something more than a scintilla of evidence is necessary to support any finding, and in this case there is no more than a scintilla of evidence in support of the verdict. Joske v. Irvine, 91 Texas, 574; Texas Loan Agency v. Fleming, 92 Texas, 463.

Under the facts of this case the District Court of El Paso County was authorized to grant defendant's motion for a new trial, and as such court concluded that the verdict was not supported by the evidence, it was error for the court to refuse to set the judgment aside, even though he had previously granted two such motions. Randall v. Collins, 58 Texas, 231; Collins v. Ballew, 72 Texas, 330; Gibson v. Hill, 23 Texas, 77; Life Ins. Co. v. Hayward, 88 Texas, 330.

Mr. Chief Justice Gaines delivered the opinion of the court.

This suit was brought by Leo Wiley in her own behalf and that of her minor son to recover damages for the death of Jesse Wiley, her husband and the father of her son. The suit was also on behalf of the father and mother of the deceased, but during the trial they disclaimed recovering any damages, and they went out of the case. The jury found a verdict in favor of the wife and son of the deceased. The court entered judgment upon the verdict and overruled a motion for a new trial. But upon appeal the Court of Civil Appeals reversed the judgment and rendered it for the defendant company.

A witness for the plaintiffs testified: "My name is Sam Claborn. I am seventeen years old. I live down to Mr. Henderson's, by the Santa Fe track. I don't know, sir, how long I lived down in that country; a long time. I remember about two years and a half ago

of witnessing an accident to a man in the yards down there. I was going to the store at the time. I was going to the store and I saw a man fall off—try to stop the car, trying to turn the brake, he fell down, he was trying to keep the car from—stop the car so he fell off in the middle of the track and ran down towards the switch and caught under the switch and the coupler hit him in the back. Then the first wheel ran over him and knocked him right across the track. The first two wheels ran over him, and the last knocked him off the track; off the rails. The car was going down towards the old depot. It was a brake on the end of a car. When I first saw him he had ahold of this brake trying to turn it. He fell on his back in the middle of the track. Then he got up and ran down towards the switch, and his foot caught in the switch and the coupler hit him in the back and threw him across the track, and the wheels ran over him. The right foot was caught. It was kind of a hole, ditch like, under the rod. His foot caught under the rod across the track. I was about forty feet from him at the time I saw him fall. When he got up he ran about twenty feet before his foot went into the hole. He fell over the rail towards town. There was nobody present there at that time but myself, and after he was run over the switchman came."

George Henry Vasquez, a witness for the plaintiffs, testified as follows:

"My name is George Henry Vasquez. I am a switchman. My present place of residence is 2304 Congress Avenue, Houston, Texas. Yes, I was employed by the defendants, the Atchison, Topeka & Santa Fe Railway Company and the Rio Grande & El Paso Railway Company, in April and May, 1906. My last place of employment was at El Paso, Texas. I was acquainted with the deceased, Jesse Wiley. He met with an accident and was killed on or about the 14th day of May, 1906, in the yards of the defendant company at El Paso. I was present and witnessed said accident. We were making a running or flying switch of an express car in the yards. We made a run of the car and Jesse Wiley got on the west end of the car to set the brake, I stepped off of the footboard and crossed over to the main line to notice if the brake would take any hold, as the car would come over on the main line track, and as he passed me he, Jesse Wiley, was in the act of setting the brake; when about ninety-four feet from where I was standing I saw Jesse Wiley's body fall across the rail and the four wheels passed over him and the car rolled about ninety-four feet before it stopped. The car was a Wells-Fargo refrigerator car. I did not make any special inspection as the track was in a fairly good shape, but at the switch where Mr. Wiley met his death there was a space of at least five inches between the points of the rail and the surface. The track was in fairly good shape, with the exception that there was about eight or ten inches between the end of the switch and the side of the last tie, leaving that much projecting over the tie, which left a space of about five inches between the end of the switch and the ground. The accident occurred exactly at the switch where I have stated the tie had been left out, and where the end of the switch projected over the side of the last tie."

The defendant's counsel filed a motion for a new trial on the ground that the evidence was not sufficient to support the verdict.

In opposition to the motion for a new trial counsel for the plaintiffs filed a statement in which it·was alleged that on the 9th of March, 1907, this case was tried in the District Court of El Paso County and resulted in a judgment for the plaintiffs, and that in this case the testimony was the same as upon the last trial and that the judgment was set aside for the want of sufficiency of the evidence and that on the 19th day of February, 1908, another trial was had which resulted also in a judgment for the plaintiffs; that the testimony was the same as upon the other trials and that the judgment was also set aside on account of the insufficiency of the evidence. They therefore urged that the court was without power to grant a third new trial upon the same ground. The court in his opinion overruling the motion for a new trial expressly states that it is upon this ground alone that he overrules the motion; and that but for the fact that he has already granted two motions for a new trial, he would grant this motion.

However improbable the story of the witness Claborn, it occurs to us that it was not impossible for the accident to have occurred substantially as detailed by him; and hence, if the jury believed him, they were not without evidence to support their verdict. If there had been no evidence to support the verdict, the finding might be deemed error in law, which the trial judge would have power to correct by setting aside the verdict. But there being some evidence of negligence on part of the Railway Company the third verdict is conclusive. Collins v. Ballew, 72 Texas, 330.

For the error of the Court of Civil Appeals in reversing and rendering judgment for the defendant, that judgment is reversed and the judgment of the District Court is affirmed.