JONES et al. v. DODD. (No. 1731.)

(Court of Civil Appeals of Texas. Texarkana. Feb. 9, 1917. On Motion for Rehearing, March 1, 1917.)

1. COURTS ⊖120—JURISDICTION—AMOUNT IN CONTROVERSY—HOW DETERMINED.

Where a school-teacher employed under contract for eight months was refused permission to teach, and sued for seven months' wages accrued, and to enjoin payment to others employed in her stead, and to compel payment of amount to her, the real cause of action was on the contract for wages according to her contract; the claim for injunction and mandamus being merely incidental, so that the district court had no jurisdiction, the total claim being only $490.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436, 438.]

2. COURTS ⊖120 — JURISDICTION — DISTRICT COURT—AMOUNT RECOVERABLE.

On school board's breach of teacher's contract for period of eight months, teacher suing at the end of seven months could recover the contract wage for that time only; and, the amount being less than $500, the district court had no jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436, 438.]

3. SCHOOLS AND SCHOOL DISTRICTS ⊖133 — EMPLOYMENT OF TEACHERS — POWERS OF TRUSTEES.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2824, empowering trustees of school dis-

tricts to fix times and terms of school, but prohibiting creation of deficits in school funds, the trustees could not, by making an eight-months contract, fix the length of term, which later was fixed at seven months, since in employing teachers the law is to be read into the contract.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 289–291.]

On Motion for Rehearing.

4. COURTS ⊖120 — JURISDICTION — DISTRICT COURT — MANDAMUS — AMOUNT IN CONTROVERSY.

Const. art. 5, § 8, provides that the district court shall have power to issue writs of habeas corpus, mandamus, injunction, and certiorari, and the writs necessary to enforce their jurisdiction. Section 16 gives similar authority as to cases within its jurisdiction to the county court. Section 8 also gives the district court general original jurisdiction over all causes of action for which a remedy or jurisdiction is not provided by law. Held, that jurisdiction to issue mandamus to enforce payment by school district of teachers' salaries being determinable in monetary value depends upon the amount involved, so that the district court has no jurisdiction to issue such writ in suit for less than $500.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 413–436, 438.]

5. MANDAMUS ⊖14(3)—RIGHT TO WRIT—ENFORCEMENT OF JUDGMENT.

Since it would not be presumed in advance that when judgment was rendered for a teacher against the school district for her salary that the district would refuse to pay it, mandamus for payment would not ordinarily be awarded at the same time the judgment was rendered.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 46.]

6. MASTER AND SERVANT ⊖80(2)—CONTRACT OF EMPLOYMENT — BREACH — RIGHTS OF ACTION.

A contract of employment which provides for payment in monthly installments gives a right of action upon each installment as it falls due.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 109.]

7. JUDGMENT ⊖253(3) — RECOVERY — EXTENT AS TO TIME—BREACH OF CONTRACT.

Where, at the time a teacher sued for salary during months covered by her contract during which the board had refused to let her teach, only seven months had expired and the contract covered eight months, the mere fact that at the time the suit was tried the eighth month had expired, did not permit recovery of the salary for the eighth month.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 443, 444.]

Appeal from District Court, Bowie County; H. F. O'Neal, Judge.

Suit by Miss Veda Dodd, by her next friend, J. A. Dodd, against Walter Z. Jones and others. Decree in part for complainant, and defendants appeal. Reversed and remanded, with instructions. On motion for rehearing. Motion overruled.

L. H. Henry and J. S. Crumpton, both of Texarkana, for appellants. Mahaffey, Keeney & Dalby, of Texarkana, for appellee.

HODGES, J. This suit was originally instituted by the appellee on November 29, 1915, against Walter Z. Jones and six others as members of the board of trustees of Park

independent school district, Willie Connerly, and Lucile Connerly, the Nash Exchange Bank, and the Park independent school district of Bowie county, Tex. In an amended original petition filed on the 19th day of April, 1916, the following facts are, in substance, alleged:

The appellee, Veda Dodd, is a minor, and sues by J. A. Dodd as her next friend. The appellants Walter Z. Jones and his associates constitute the board of trustees of Park independent school district of Bowie county, which has a scholastic population of less than 500. The Nash Exchange Bank is the treasurer of the above-named school district, and as such has charge of all its available school funds. The appellee, Veda Dodd, is now and has been since prior to March 26, 1915, the holder of a second grade teacher's certificate authorizing her to' teach in the elementary grades of public schools. On the date last above mentioned, when the board of trustees of the Park independent school district was composed in part of the present membership, the petitioner was elected a teacher of the Park primary school for the term of eight consecutive months for the scholastic year of 1915–16, the term to begin (unless otherwise agreed upon by the teacher and trustees) on September 6, 1915, and her salary was fixed at $70 per month. The petitioner accepted the position, and a written contract, valid in all respects, was then executed by her and the board of trustees. Thereafter, on June 21, 1915, at a meeting of the board of trustees, the latter signified and declared that petitioner's contract with the district was not valid or binding upon it, and she was discharged as a teacher. At the same meeting of the board two other teachers, Lucile and Willie Connerly, were employed to take the position to which the petitioner had been elected; that the payment of the salaries of the teachers thus elected would so deplete the funds of the school district that enough would not remain to pay the salary to which the petitioner under her contract was entitled. The petitioner prosecuted an appeal to the county superintendent from the order of the board dismissing her. In this appeal, after a full hearing, the order of the board was reversed by the county superintendent, and petitioner's contract was declared to be valid and binding. The board of trustees prosecuted an appeal from the ruling of the county superintendent till it finally reached the state board of education, and the county superintendent's ruling was sustained. The final decision was rendered by the board of education on November 15, 1915. At the direction of the board of trustees the school term began on October 4, 1915. On that date the petitioner, in accordance with the terms of her contract, was present and tendered her services and offered to perform the duties assumed in her contract, but the trustees refused to allow her to teach. She was then and has at all times since been ready and willing to carry out the terms of her contract, but the trustees have refused to permit her to do so. The board has permitted the Misses Connerly to teach from the time the school opened in October, 1915, to the ―――― day of November following, and has issued to them monthly warrants aggregating $100 for each month's service, to be paid out of the available school fund of the district. This fund for that year will amount to about $2,100, and is insufficient to pay the salaries of the petitioner and other teachers employed by the board of trustees before making the contracts with the Misses Connerly if the salaries of the latter are also to be paid from that fund. There is a colored school in the district, and there are other teachers to be paid.

The petition further alleges that the school warrants or vouchers above mentioned that were issued to the Misses Connerly had not then been paid by the Nash Exchange Bank, the treasurer of the Park independent school district, but that unless restrained the bank would pay them out of the available school fund belonging to the district. It is also alleged that unless restrained by writ of injunction the board of trustees will deliver other warrants or vouchers to the Misses Connerly for their salaries, to be paid out of the school fund in the hands of the treasurer, for each month that had been agreed on in their contracts, and that unless restrained these amounts would be paid by the bank from the school fund of the district in its hands; that such payments will deprive petitioner of the salary to which she is entitled under the terms of her aforesaid contract.

The petition concludes with a prayer for a temporary writ of injunction restraining the Nash Exchange Bank from paying to the Misses Connerly any money belonging to the school fund in its hands, that the board of trustees be restrained from issuing and delivering any warrants or vouchers to the Misses Connerly authorizing the payment of any money from the school fund of the district, and that upon final hearing the temporary writ be made permanent. The petitioner further prays for a writ of mandamus compelling the board of trustees to recognize the validity of her contract, requiring them to permit her to perform her duties as a teacher in the Park independent school district under its terms, and directing that they issue to her proper vouchers and warrants for her salary according to the terms of her contract. She further prays for a judgment against the board of trustees of the Park independent school district for all amounts due her as salary under her contract according to its terms, and for general and special relief.

The defendants in the court below answer-

ed jointly, first by general and special demurrers, and by special averments and denials not necessary here to notice.

In a trial before the court without a jury a judgment was rendered in favor of the appellee against the Park independent school district for the sum of $350. The court awarded a writ of mandamus against the members of the board of trustees compelling them to issue to appellee a voucher for that amount, with interest from the date of the judgment, payable out of the available school fund or the Park independent school district. He further awarded writs of injunction restraining the board of trustees from paying any money from the funds of the school district for that scholastic year to the defendant Willie Connerly, and restraining the Nash Exchange Bank from paying any of the school funds for that year to Willie Connerly. He dissolved the temporary writ theretofore issued against Lucile Connerly.

[1, 2] The first question to be considered is one affecting the jurisdiction of the trial court. This appeal is by the Park independent school district alone, and from that portion of the decree which awarded a judgment against it for the sum of $350. While the appellee in her petition seeks relief against other parties, her suit against the Park independent school district is to recover a judgment, or establish a claim, against the district for the amount of salary claimed by her to be due upon her contract as a teacher. The result of that branch of the suit is not dependent upon the relief sought against any of the other defendants. On the contrary, this appears to be the principal cause of action, to which the writs of injunction and mandamus prayed for against the other defendants were merely incidental. If the plaintiff should fail to establish her claim against the school district and an adverse judgment should be rendered against her, she would not be entitled to the ancillary writs sought against the other defendants. For unless she held a valid subsisting claim against the appellant, there would be no basis for those writs. If the suit then should be treated as one primarily to establish a claim against the district, the amount of the claim must determine the jurisdiction of the court. If this is less than $500, then the trial court was without jurisdiction. The amended original petition, on which the case was tried, does not state definitely what amount of money the plaintiff claimed and for which she sought a judgment. While the petition alleges that her contract was for eight months at $70 per month, it also shows that only seven scholastic months of the school term could have expired when the amended petition was filed. Under such conditions $490 would be the maximum amount of any claim which she could hold against the school district upon her contract to teach, conced-

ing that the term was to last eight months. She could not lawfully claim a salary that had not been earned. Her claim would be below the jurisdiction of the district court.

[3] The averment that the contract was for eight months does not relieve the situation. The statute confers upon trustees of independent school districts the authority to fix the time when the school shall begin and the length of time they shall continue, and prohibits the trustees from creating any deficiency against the funds of the district. Vernon's Sayles' Stat. art. 2824. The powers here conferred upon the trustees are for the good of the public schools, and the trustees will not be permitted to divest themselves of those powers by contracts with teachers. In employing teachers these provisions of the law are read into and become parts of the contracts. Harkness v. Hutcherson et al., 90 Tex. 383, 38 S. W. 1120. It follows from what is said that, notwithstanding this contract with the appellee stipulated for an eight-months term, it could not in law bind the trustees to employ the appellee for that length of time, unless the school fund was sufficient to run the school eight months. It also appears from the petition that this contract was made in March of 1915, and at a time when the scholastic census for the various school districts of the state had not been taken, and before any apportionment of the public school funds could be made by the state board of education, and before the trustees of this district would have any means of determining how long the term of school should be. It was not, therefore, practicable at that time to fix any well-defined limits to the term.

It has frequently been held that jurisdiction of the subject-matter should be made to clearly appear from the face of the plaintiff's petition. There is no good reason why courts should be called upon to speculate upon that question, when the plaintiff may easily make it plain. We have therefore concluded that under the averments of this petition the subject-matter was not within the jurisdiction of the trial court, and for that reason the judgment appealed from will be reversed, and the cause remanded, with instructions to the trial court to dismiss the case against the appellants; and all costs of this appeal will be taxed against the appellee.

### On Motion for Rehearing.

HODGES, J. [4] In support of the jurisdiction of the district court it is now contended that one of the primary purposes of this suit is to secure a writ of mandamus and that the Constitution confers upon district courts the general power to issue such writs. The power conferred by the Constitution upon district courts to issue writs of mandamus and injunction is found in section 8 of article 5, and is as follows:

"And said (district) court, and the judges thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, and certiorari, and all writs necessary to enforce their jurisdiction."

Section 16 of the same article contains the following provision relating to county courts:

"And the county court, or judge thereof, shall have power to issue writs of injunction, mandamus, and all writs necessary to the enforcement of the jurisdiction of said court, and to issue writs of habeas corpus in cases where the offense charged is within the jurisdiction of the county court, or any other court or tribunal inferior to said court."

There is no substantial difference in the general scope of the powers conferred by these two provisions as to writs of mandamus and injunction. The authority of the district court to issue such writs in cases not falling within the jurisdiction of county courts is to be found in a subsequent portion of section 8, which provided that such court— "shall have general original jurisdiction over all causes of action whatever for which a remedy or jurisdiction is not provided by law or this Constitution."

In the case of Lazarus v. Swafford, 15 Tex. Civ. App. 367, 39 S. W. 389, the Court of Civil Appeals for the Second District held that the jurisdiction of the county court to issue writs of injunction in cases where the amount in controversy was over $200 and less than $500 was exclusive. That holding has been reaffirmed in numerous cases by other Courts of Civil Appeals, and we know of no case in which a contrary holding has been adopted.

In Cotton v. Rhea, 106 Tex. 220, 163 S. W. 4, Justice Phillips used this language:

"As the allegations of the petition in the injunction suit were not such as to bring the case within the original jurisdiction of any other court, but were sufficient to invoke equitable relief, the issuance of the writ was within the jurisdiction of the district court. Gamel v. Smith [3 Tex. Civ. App. 22], 21 S. W. 628. We express no opinion upon the question of the right to maintain such a suit in that court if subsequent pleading should disclose that the value of the property involved was an amount within the jurisdiction of the county court."

That suit was one to restrain the enforcement of a judgment and the sale of exempt property. It was held that the district court had no jurisdiction to restrain the enforcement of a judgment of another court which was not void upon its face. The language quoted was used with reference to that portion of the petition which asked for an injunction restraining the sale of the exempt property. The petition in that case failed to state the value of that property. The ruling announced rather tends to support the case of Lazarus v. Swafford, supra.

There is a class of controversies, where the right involved cannot be measured in dollars and cents, which fall within the original jurisdiction of the district court conferred by these provisions of the Constitution last above quoted. The case of Thorne v. Moore, 101 Tex. 205, 105 S. W. 985, cited by the appellee, is one of that kind; and still others

might be mentioned. When a suit for one of these extraordinary writs had for its object the preservation or enforcement of some property right which can be measured by a monetary standard, the jurisdiction of the trial court to grant the writ must be determined by the value of that right. That value represents the amount in controversy. If it affirmatively appears from the petition seeking a writ of mandamus or injunction, when considered as a whole, that the amount in controversy is within the jurisdiction conferred upon the county court, then, under the ruling of the Supreme Court above referred to, the district court has no authority to grant the writ.

[5] It is contended in this motion that when the appellee's petition is considered in its entirety it appears that the main or at least one of the purposes of the suit is to compel by mandamus the trustees of Park independent school district to recognize the validity of her contract and to perform it according to its terms. The only "recognition" or "performance" of that contract which a court could by writ of mandamus impose upon the trustees would be the act of signing the vouchers necessary to enable her to draw her salary monthly as it became due. But inasmuch as the appellee has elected to ask for judgment establishing her claim for salary due on her contract, the rendition of a judgment upon that claim must logically precede the granting of the writ. The right to the writ being thus made dependent upon the judgment, its issuance could operate merely as a means of executing the judgment, and therefore become an ancillary matter. Furthermore, it cannot be presumed in advance that the trustees would refuse to sign vouchers according to the statute after a judgment establishing the claim of the appellee had been rendered. It would be an unusual proceeding to render a judgment against the trustees upon the claim, and at the same time grant a writ of mandamus to compel the enforcement of that judgment.

[6] This is not a suit for damages resulting from the breach of a contract, nor one to establish the validity of the contract as an entirety, but must be treated as a suit to recover the salary due under the terms of the contract. The real test of jurisdiction then is the amount of money for which, under appellee's averments, a judgment might have been rendered. Contracts of this character which provide for payments in monthly installments give a right of action upon each installment as it becomes due. Racke v. Anheuser Busch Br. Ass'n, 17 Tex. Civ. App. 167, 42 S. W. 774; Davidson v. Hirsch, 45 Tex. Civ. App. 631, 101 S. W. 269; Lorillard v. Clyde, 122 N. Y. 41, 25 N. E. 292, 19 Am. St. Rep. 470.

[7] The appellee's petition shows that not more than seven installments had matured when the amended petition was filed. That fixed the limit for which a judgment could

have been rendered for $490. Conceding that appellee might have been entitled under her contract to claim her salary for eight months, the petition showed that the eighth installment had not matured. It is true that it had matured at the time the case was tried, but that fact alone could not authorize the rendition of a judgment for that additional sum. It is only such rights as have accrued at the time the last petition is filed that can be adjudicated by the court. Collins v. Ballow, 72 Tex. 330, 10 S. W. 248; Ballard v. Carmichael, 83 Tex. 355, 19 S. W. 734. The cases above referred to relate to actions of trespass to try title and hold that a plaintiff cannot recover upon proof of a title acquired after his last amended petition was filed. This ruling is manifestly based upon the proposition that in such cases the pleadings do not authorize such proof. In the case before us the last installment was a separable cause of action, and the appellee could not claim it except upon pleadings and proof that it was due, and that she had performed the services contracted for that month, or that she was ready, able, and willing to perform them and had been prevented from so doing by the trustees. We therefore adhere to our former decision, and the motion for rehearing is overruled.