GEORGIA CASUALTY CO. v. GRIESENBECK et ux. (No. 6042.)

(Court of Civil Appeals of Texas. Austin. March 12, 1919.)

1. MASTER AND SERVANT ⬅️417(1)—WORKMEN'S COMPENSATION ACT—SUIT TO CANCEL AND ANNUL ORDER AND AWARD.

A suit by insurer under Vernon's Ann. Civ. St. Supp. 1918, art. 5246–44, to annul and cancel an award of the Industrial Accident Board made under article 5246–14, is not, strictly speaking, an appeal, and the trial is de novo; the effect being similar to that of an appeal from the justice court judgment.

2. MASTER AND SERVANT ⬅️396 — WORKMEN'S COMPENSATION ACT—ACTION TO SET ASIDE AWARD—AMOUNT—JURISDICTION.

Where an insurer brings a suit to set aside the findings and award of the Industrial Acci-

dent Board under Vernon's Ann. Civ. St. Supp. 1918, art. 5246—44, the issue to be tried is, not the collection of the sum of weekly payments due under the award, but the determination of the full amount of insurer's liability that might be recovered under article 5246—14, and, where such amount is in excess of $500, the district court has jurisdiction.

Appeal from District Court, Bastrop County; R. J. Alexander, Judge.

Proceeding by A. Griesenbeck and wife for an award for the death of their son, A. C. Griesenbeck, while an employé of the Bastrop Water, Light & Ice Company, before the Industrial Accident Board in which an award was made against the insurer Georgia Casualty Company, which filed an original petition in the district court to cancel and annul the order. From a judgment dismissing the suit for want of jurisdiction, plaintiff appeals. Reversed and remanded for new trial.

Orgain, Butler & Bolinger and Y. D. Carroll, all of Beaumont, for appellant.

Maynard & Maynard, of Bastrop, for appellees.

### Nature and Result of the Suit.

JENKINS, J. We copy from appellant's brief, as follows:

"On August 25, 1917, the Georgia Casualty Company filed its first original petition, alleging that it was a corporation, organized under the laws of the state of Georgia, that it had a permit to do business in the state of Texas, that the defendants resided in Bastrop county, alleging, among other things, that on the 28th day of March, 1917, A. C. Griesenbeck, the son of the appellees here, was killed in the town of Bastrop, Tex.; that he was employed by the Bastrop Water, Light & Ice Company; that said company was a subscriber under the terms of the Employers' Liability Act of the State of Texas [Acts 33d Leg. c. 179 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz)]; that the mother and father of the said A. C. Griesenbeck filed a claim with the Industrial Accident Board for compensatory insurance; that on the 27th of July, 1917, said board entered an order to the effect that the legal beneficiaries of A. C. Griesenbeck, deceased, were entitled to receive of and from the Georgia Casualty Company compensation for the death of said A. C. Griesenbeck at the rate of $6.92 per week for a period of 360 weeks from the date of accident. The said Georgia Casualty Company, in its petition, prayed that said order be canceled and annulled.

"Thereafter defendant, on February 4, 1918, filed its original answer, and, among other pleas, filed a plea to the jurisdiction of the district court, alleging that it appeared from plaintiff's petition that the amount of the controversy, exclusive of interest, amounted to less than five hundred dollars ($500.00); and the court, on a hearing of the plea to the jurisdiction, in all things sustained same, and dismissed plaintiff's suit. The plaintiff then and there excepted, the same being entered February 5, 1918. Thereafter plaintiffs' motion for a new trial, filed February 7, 1918, was overruled February 7, 1918. Plaintiff then and there excepted, giving notice in open court of appeal to the Court of Civil Appeals of the Third Supreme Judicial District of Texas. In due time plaintiff filed an appeal bond, February 28, 1918; and this cause is now duly and properly before this court."

### Opinion.

There may be some question whether this case arose under the original Workmen's Compensation Act, or under the amended act. Appellees, in their brief, state that the same is immaterial, and we will accept that view of the case.

As will be seen from the foregoing statement of the nature and result of this case, but one question is here involved, and that is as to the jurisdiction of the district court to try this case. It is the contention of the appellees that the district court had no jurisdiction, for the reason that the weekly amounts allowed by the board did not at the time of the trial aggregate as much as $500. In support of their contention, they cite articles 5246—14, 5246—44, Revised Statutes of 1918; Roach v. Employers' Ass'n, 195 S. W. 328; Tex. Employers' Ass'n v. Bryan, 198 S. W. 342; Surety Co. v. Stubbs, 199 S. W. 343; Jones v. Dodd, 192 S. W. 1134; Ins. Co. v. English, 70 S. W. 440.

In the cases against Employers' Association above cited, it was held that the amount in controversy was the aggregate amount of the weekly payments due at the time of the trial, under the award made by the board. These cases involved the same principle decided in Jones v. Dodd and Insurance Co. v. English, supra.

In the case of Insurance Co. v. English, a policy had been issued payable in annual installments. Some of these installments were past due and unpaid when the suit was tried. The court properly held that the amount of the unpaid installments was the amount in controversy, for the reason that the suit was upon a contract, and the insurance company was not liable for any breach of the contract that had not occurred. There was no breach of the contract in failing to pay installments that were not due.

To the same effect is Jones v. Dodd, supra. The employers' liability cases above cited were correctly decided, for the reason that they were based upon that principle of law. The difference between those cases and the instant case is that in those cases no appeal had been taken from the award of the board. The liability had been fixed, and the insurance association had become liable therefor as the same accrued, which was by weekly payments. It was not liable to pay future allowances which had not yet accrued.

In the instant case there was an appeal

from the award of the board. The statute with reference to objecting to the finding of the board is as follows:

"Any interested party, who is not willing and does not consent to abide by the final ruling and decision of said board, shall within twenty days after the rendition of said final ruling and decision by said board give notice to the adverse party and to the board that he will not abide by said final ruling and decision. And he shall within twenty days after giving such notice bring suit in some court of competent jurisdiction in the county where the injury occurred to set aside said final ruling and decision and said board shall proceed no further toward the adjustment of said claim, other than as hereinafter provided." Revised Statutes 1918, art. 5246—44.

Both the old and the new statute provide that when suit is brought the rights and liabilities of the parties thereto shall be determined by the provisions of the Employers' Liability Act, that is to say, if the beneficiary recovers in case of death, as in the instant case, he shall be entitled to judgment equal to 60 per cent. of the average weekly wages of the deceased, but not more than $15, nor less than $5 a week, for a period of 360 weeks from the date of the injuries.

[1] Bringing suit, as provided in article 5246—44, supra, though in the nature of an appeal from the action of the board, is not, strictly speaking, an appeal. The article last above cited further provides:

"If the final order of the board is against the association, then the association and not the employer shall bring suit to set aside said final ruling and decision of the board, if it so desires, and the court shall in either event determine the issues in such cause instead of the board upon trial de novo."

The effect of bringing the suit is similar to that of appealing from a judgment of a justice court. The trial is de novo; that is to say, it is to proceed as though no former trial had been had. If the statute had not provided for an investigation by the board, but only that suit might be brought by the insurance company to have it declared that it was not liable under the policy, the amount involved .would have been the total amount of the policy, even though payments were to be made weekly. In other words, it would have involved the liability of the insurance association for the full amount of the policy. This statute clearly indicates that the association may bring suit in any court of competent jurisdiction to have its liability determined. The language of the statute is:

"Shall bring such suit in some court of competent jurisdiction in the county where the injury occurred, to set aside the final ruling and decision (of the board)."

[2] The filing of such suit, in effect, does set aside such decision, and, the trial being de novo, the amount involved is the total amount to which the beneficiary would be entitled under the provisions of the act, if liability be shown, which in this case exceeds $2,000.

Appellees seek to apply the principle involved in the cases hereinabove cited, by reason of the following language in said article 5246—44:

"And the court shall in either event, determine the issues in such cause instead of the board upon trial de novo and the burden of proof shall be upon the party claiming compensation."

It is appellees' contention that, by the association filing suit, it thereby compels the beneficiary to become plaintiff in the cause. This may be granted, but the burden upon the beneficiary in such case is to establish liability on the part of the association, not for the weekly indemnity already accrued, but for the entire amount to be paid weekly. Should the beneficiary recover in such suit, the judgment should be for the entire amount found due under the policy to be paid weekly, for which he would be entitled to execution from time to time as such amounts become due.

If the contention of the appellees should be sustained it would amount to this: The board had adjudicated the claim, and had found that appellant was liable to appellees in a sum exceeding $2,000, to be paid in weekly installments. If the appellant did not appeal from such decision, or bring suit to set it aside, its liability was fixed for the full amount, and thereafter it could not contest the same. In such case, if it failed to pay the weekly indemnities as they accrued, the beneficiary could not have execution on the amounts due, because the board has no power to issue execution. Such being the case, the remedy of the beneficiary would be to bring suit in some court of competent jurisdiction on the amounts that had accrued. Such was the case in the Roach and Bryan Cases, supra.

We think it is clear that where the association brings suit to set aside the finding of the board, as provided by the statute, the issue to be tried by the court is as to its liability for the full amount that might be recovered under the statute; and, as in the instant case that amount was over $2,000, the district court had jurisdiction to try the case.

For the reasons stated, the judgment of the district court is reversed, and this cause is remanded for a new trial.

Reversed and remanded.