**ANDRUS et al. v. HUTCHINSON et al.***

(Circuit Court of Appeals, Fifth Circuit.
February 8, 1927.)

No. 4875.

**1. Appeal and error ⬤⇒997(3)—Where both sides ask directed verdict, reviewing court is limited to considering errors of law, and determining whether facts support finding.**

Where both sides ask court to direct verdict, and do nothing more, both affirm that there is no disputed question of fact to be submitted to jury, and on writ of error appellate court is limited to considering errors of law, and to determining whether any facts are proved that will support finding.

**2. Courts ⬤⇒370—Federal court should follow later construction by state court of state statute, notwithstanding its own previous contrary construction.**

Where federal court has first construed a state statute, it is not obliged thereafter to follow contrary decision of highest state court; but where later decisions of state courts, construing the statute, have become a rule of property, a proper appreciation of comity and effort to avoid conflict between state and federal jurisdiction should lead it to recede from its former opinion.

**3. Courts ⬤⇒370—Notwithstanding its earlier contrary decision, federal court will follow state court's decision that state statute did not validate married woman's conveyance, invalid because of defective acknowledgment (Laws Tex. 1907, c. 165, § 1, amending Rev. St. 1895, art. 2312).**

Decision of Texas Supreme Court that Laws Tex. 1907, c. 165, § 1, amending Rev. St. 1895, art. 2312, providing that instruments recorded for 10 years shall be admitted in evidence, even if acknowledgment is defective, does not validate conveyances by married women that before were invalid, because acknowledgment did not show that she had been examined apart from her husband and did not wish to retract it, will be followed by federal court, notwithstanding its earlier decision that defective acknowledgment was cured and deed validated by statute.

**4. Trespass to try title ⬤⇒6(2)—State court judgment, obtained during pendency of trespass to try title action in federal court, held properly excluded.**

Judgment of state court, obtained during pendency in federal court of action in trespass to try title, and subsequent to date of ouster alleged, held properly excluded, in view of state law that plaintiff must rely on title possessed at commencement of suit.

**5. Adverse possession ⬤⇒101—Actual possession of one tract does not give constructive possession of another acquired under separate deed.**

Doctrine that actual possession of part of tract will be constructively extended to all land described in color of title does not extend to other and distinct parcels, even though they are contiguous, and were conveyed to claimant by same person at one time; hence possession of

one tract will not be construed as possession of another acquired under separate deed and separated from first tract by a road.

**6. Adverse possession ⬤⇒27—Evidence held insufficient to show that plaintiffs' predecessors claiming under color of title had possession and dominion sufficient to support limitation title.**

In trespass to try title, evidence *held* insufficient to show that plaintiffs' predecessors in title, claiming under color of title, had possession of and exercised dominion over land, sufficient to support title by limitation.

In Error to the District Court of the United States for the Eastern District of Texas; W. Lee Estes, Judge.

Action in trespass to try title by Colastie Andrus and others against F. M. Hutchinson and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. D. Gordon, Thos. J. Baten, and Oliver J. Todd, all of Beaumont, Tex. (Chas. S. Pipkin, of Beaumont, Tex., on the brief), for plaintiffs in error.

Harry Holmes, of Houston, Tex., and Will E. Orgain, of Beaumont, Tex. (W. G. Reeves, P. A. Dowlen, and Orgain & Carroll, all of Beaumont, Tex., on the brief), for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. This was an action in trespass to try title under the Texas practice, brought by some 60-odd of the plaintiffs in error, to recover an undivided one-third interest in a certain tract of land in Jefferson county, Tex., containing some 1,394 acres, more or less, and being a portion of the Wm. H. Smith survey, and, in the alternative, to recover a definite portion. Joined with the original plaintiffs as plaintiffs in error are some 30 or more interveners, claiming the same or a lesser interest in the land. There are 16 or more defendants in error, who were defendants in the court below. The pleadings are voluminous, but it is not necessary to summarize them.

The land in question was patented to the heirs of Wm. H. Smith, and plaintiffs in error claim title, first, through a conveyance from Mary Green, one of the said heirs, executed in 1850; second, through a judgment obtained in the district court of Hardin county, Tex., rendered September 12, 1925; and, third, by the statutes of limitations of 3, 5, 10, and 25 years. Defendants deraign title through the heirs at law of the same Mary Green, and also rely upon possession

*Rehearing denied March 30, 1927.

under the statutes of limitation of 3, 5, 10, and 25 years.

At the conclusion of the testimony, both sides requested a directed verdict, and plaintiffs did nothing more that would require a submission to the jury. The court directed a verdict in favor of defendants, to which exception was noted. Error is assigned to the refusal to direct a verdict for plaintiffs, and to the affirmative action of the court in that regard in favor of defendants, on various grounds, which need not be set out, and also to the exclusion from the evidence of the judgment of the district court of Hardin county above referred to. No other errors are assigned.

[1] The rule is well settled that, where both sides ask the court to direct a verdict and do nothing more, both affirm there is no disputed question of fact to be submitted to the jury, and on writ of error the appellate court is limited to considering errors of law and to determining whether any facts are proven that will support the finding. Bradley Timber Co. v. White (C. C. A.) 121 F. 779; Beuttell v. Magone, 157 U. S. 154, 15 S. Ct. 566, 39 L. Ed. 654.

In the course of the trial documentary evidence was offered, showing title to the land in Mary Smith, one of the heirs of Wm. H. Smith, as her separate property. Plaintiffs then offered in evidence a deed from Mary Green, formerly Mary Smith, and her husband, Wm. H. Green, to P. O. Broussard, dated April 19, 1850, and filed for record in Jefferson county, Tex., April 24, 1850, which is the deed relied upon by plaintiffs as showing the beginning of title in themselves. This deed was objected to on the ground that it is an absolute nullity, because not properly acknowledged under the law of Texas, and on the ground that it is also void for want of sufficient description. The deed and acknowledgment are in the words and figures as follows:

"The State of Texas, County of Jefferson:

"Know all men by these presents that we, Wm. H. Green and Mary Green, formerly Mary Smith, in consideration of $120, do hereby bargain, alien, release, and convey unto P. O. Brusan the following tract or parcel of land: Lying in said county, part of the headright league of Wm. Henry Smith, deceased, to wit: All of our part set apart by the probate court for the heirs of Wm. Henry Smith, deceased, the land being undivided. To have and to hold the said parcel or tract of our undivided land to the said P. O. Brusan and his heirs forever, we warrant

and defend against all persons claiming under us. This the 19th day of April, 1850.

"[Signed]  Wm. H.  $\overset{his}{\underset{mark.}{X}}$  Green.

"Mary  $\overset{her}{\underset{mark.}{X}}$  Green.

"Witnesses:

"David Garner.

"D. E. Lawhon.

"The State of Texas, County of Jefferson:

"This day personally came before me, William Myers, notary public in and for said county, William H. Green, signer of the above and foregoing deed, and acknowledged his signature to the same for the purposes therein mentioned. Also, Mary Green, his wife, who, being by me examined separate and apart from her husband, W. H. Green, voluntarily relinquished all and every species of right of dower to the above-named premises without any fear or compulsion from her said husband.

"Given under my hand and seal of office, this 24th day of April, 1850.

"[Seal.]  Wm. Myers, Notary Public."

It is conceded that "Brusan" and "Broussard" are the same.

The law of Texas in force at the time the deed was executed, Act April 30, 1846 (Acts 1st Leg. p. 156), required the deed of a married woman disposing of her separate property to show substantially in the acknowledgment that she had been examined by the officer executing it "privily and apart from her husband, and having the same fully explained to her, she the said ——— acknowledged the same to be her act and deed, and declared that she had willingly signed, sealed and delivered the same, and that she wished not to retract it."

It is not questioned that under the settled jurisprudence of Texas the deed, when executed, was absolutely void for failure of the acknowledgment to show that it was explained to the wife, that she acknowledged it to be her act and deed, that she had signed and delivered it, and did not wish to retract it. Plaintiffs, however, rely upon an act of the Texas Legislature of April 23, 1907, amending article 2312 of the Revised Statutes of Texas of 1895 (Laws of 1907, p. 308, c. 165), and the decision of this court in Downs v. Blount (C. C. A.) 170 F. 15, construing it.

At the time the decision in Downs v. Blount was rendered, May 3, 1909, the act of 1907 had not been passed upon by the Supreme Court of Texas, and the decisions

of the Courts of Civil Appeals were conflicting. In those circumstances this court, of course, was at liberty to put its own construction upon the act. The act of 1907, so far as it is applicable to this case, provides:

"Art. 2312. Every instrument of writing which is permitted or required by law to be recorded in the office of the clerk of the county court, and which has been, or hereafter may be, so recorded, after being proved or acknowledged in the manner provided by the laws of this state in force at the time of its registration, or at the time it was proved or acknowledged, or every instrument which has been or hereafter may be actually recorded for a period of ten years in the book used by said clerk for the recording of such instruments, whether proved or acknowledged in such manner or not, shall be admitted as evidence in any suit in this state without the necessity of proving its execution. * * * And after such instrument shall have been actually recorded as herein provided for a period of ten years, it shall be no objection to the admission of same, or a certified copy thereof, as evidence, that the certificate of the officer, who took such proof or acknowledgment, is not in form or substance such as required by the laws of this state, and said instrument shall be given the same effect as if it were not so defective."

In Downs v. Blount, supra, we passed upon a deed made by a married woman conveying her separate property, the acknowledgment of which was fatally defective, and held that by virtue of the act of 1907 the defect was cured and the deed was valid and admissible in evidence.

After the decision in Downs v. Blount, the Supreme Court of Texas, in Holland v. Votaw, 103 Tex. 534, 131 S. W. 406, decided November 2, 1910, in refusing a writ of error to the Court of Civil Appeals for the First District, in a case similar to the one at bar (130 S. W. 882), held that the act of 1907 does not undertake to validate conveyances by married women that before were invalid, even where the invalidity consists only of want of proper acknowledgment. In passing, we may say that this case is consistent with other cases upholding the act of 1907 as a curative statute, as the acknowledgment of a married woman to a deed goes far beyond the mere authentication of signatures and affects her capacity to dispose. We are not advised that the Supreme Court of Texas has had occasion to again pass upon this question, but it is shown that it has been followed by the Courts of Civil Appeals and generally acquiesced in.

[2] It may be conceded as a general proposition that, where a federal court has first construed a state statute, it is not obliged thereafter to follow a decision of the Supreme Court of the state to the contrary, although it may recede from its former opinion and do so. But where the later decisions of the state courts construing the statute have become a rule of property, as is undoubtedly the case here, a proper appreciation of comity and the effort to avoid conflict between state and federal jurisdiction in matters of that kind should lead it to do so.

[3] After the decision in Holland v. Votaw, the case of Downs v. Blount came back to this court (Blount v. Downs, 194 F. 1020), and we adhered to the opinion originally handed down. On this a writ of certiorari was denied by the Supreme Court. 226 U. S. 609, 33 S. Ct. 216, 57 L. Ed. 380. The memorandum opinion in Blount v. Downs clearly indicates that the second decision was merely a holding that in the first decision the law of the case had been settled, and the refusal of certiorari is entitled to little or no weight. We do not consider that a policy was announced of adhering to the decision in subsequent cases, so that future litigants would be misled or injured by a change. We prefer now to recede from the decision in Downs v. Blount, and to follow the Texas decisions, and to hold that the deed in this case was absolutely void and conveyed no title.

[4] With regard to the exclusion from the evidence of the judgment of the district court of Hardin county, the circumstances surrounding its rendition were such as to seriously reflect on the good faith of the parties obtaining it, but that is immaterial.

The District Court gave as his reasons for rejecting the judgment that it had been recently obtained during the pendency of this suit, and had not been pleaded as a basis of title; that the date of ouster set up was the 1st day of January, 1924, while the judgment in question was obtained in September, 1925; that under the law of Texas a plaintiff must rely for recovery upon the title he had at the institution of the suit, and if at that time the title was not in him he cannot recover; and this is true, although he may have subsequently acquired perfect title, citing Collins v. Ballow, 72 Tex. 330, 10 S. W. 248. We agree with the District Court in his reasons for excluding the judgment and find no error in his action in that regard.

Plaintiffs in error contend that they acquired perfect title by the prescription of 3,

5, 10, and 25 years. The District Court found against this contention on all the evidence in the case.

With regard to the claim of title by limitation, there is evidence in the record tending to show the following facts: After P. O. Broussard received the deed from Mary Green, formerly Mary Smith, a tract containing 410 acres was selected by him and segregated as his portion of the land under the deed. In 1851 he acquired another tract of land from David and Matilda Garner, a portion of the same Wm. H. Smith survey, immediately west of the land covered by the Mary Green deed. The description of the acreage conveyed by the Garner deed is somewhat vague, but it was no doubt sufficient to support a plea of limitation to some 600 acres. That lot is not here in controversy. There is evidence tending to show that the two tracts were separated by a road. P. O. Broussard was engaged in raising cattle, and to some extent lived on the 600-acre lot, although his domicile was in Louisiana, but did not live on the Green land at any time. Sevenne Broussard was also in the cattle business, and he occupied the 410-acre lot. All of the land was wild, and of little value for many years, until the discovery of oil in the vicinity. The cattle of both of them ranged over both tracts of land, as they did over all of the other wild land in the neighborhood. The 410-acre tract was known as the Sevenne Broussard pasture. There is nothing in the record to show that P. O. Broussard occupied the land here in controversy at any time, except by the occasional straying of his cattle, and it is shown with reasonable certainty that Sevenne Broussard did not claim the ownership of it.

[5] On the above state of facts it is contended by plaintiffs that Sevenne Broussard must be considered to have been the tenant of P. O. Broussard, although it is not shown that he ever paid any rent, and that, by virtue of moving on and occupying the adjoining tract, coupled with the assumption that Sevenne Broussard held the land in controversy as a tenant, P. O. Broussard had constructive possession of both tracts, sufficient to acquire same by the limitations set up. In support of this plaintiffs rely upon a number of cases holding that, where one acquires a single tract of land by two deeds and occupies a portion of the land, he is held to have constructive possession of all, and they also rely upon cases holding that where two tracts of land are acquired by a single deed, occupancy of one tract will support constructive possession of both.

No case is cited, however, holding that, where two tracts of land are acquired by separate deeds, possession of one will be construed as possession of the other, and defendants cite several Texas decisions to the contrary. We will not stop to review the cases cited as the rule of adverse possession applicable to this case is well settled by the weight of authority. It is thus stated in Ruling Case Law (1 R. C. L. p. 729, par. 45):

"The doctrine that the actual possession of a part of the premises will be constructively extended to all the land described in the 'color of title' relates only to an entire thing; that is, the constructive possession can only extend to the whole of that which is partially occupied. It does not extend to other and distinct parcels, even though they are contiguous, and were conveyed to the claimant by the same person and at one time. The reason for this exception to the rules stated in the preceding paragraphs is that, in the absence of an actual adverse possession, the law constructively places the possession of land in the owner of the legal title, and the actual possession of one tract of land is not a sufficiently open and notorious possession of an adjoining tract, which is not occupied, to give the owner notice of the adverse claim thereto."

[6] We conclude, from an examination of the evidence in the record, that it is not shown that P. O. Broussard and those holding under him had possession of and exercised dominion over the land in controversy sufficient to support the title by limitation pleaded.

No error appearing in the record, the judgment of the District Court is affirmed.